FRYER ET AL. *v.* CITY OF NEW ALBANY, ETC., ET AL.

[No. 19,943. Filed December 6, 1963.]

*John A. Cody, Jr.,* of New Albany, for appellants.

*Basil H. Lorch, Jr.,* and *Lorch & Lorch,* of New Albany, for appellees.

PFAFF, J.—This was an action brought by the appellants against the appellees in the Floyd Circuit Court on a Petition for Writ of Certiorari, as an appeal from

a decision of the Board of Zoning Appeals of the City of New Albany, Indiana. The appellee, Bonnie Sloan Post No. 28, The American Legion, Department of Indiana, was granted a variance on its petition filed with the Board of Zoning Appeals of the City of New Albany, Indiana, to change the zoning classification of its property from R-5 Residential to C-1 Commercial. The decision of the Board of Zoning Appeals was appealed from by the appellants when they filed their Petition for Writ of Certiorari in the Floyd Circuit Court.

Trial was had by the court without the intervention of a jury. Judgment was entered by the court affirming the action of the Board of Zoning Appeals in approving the application of Bonnie Sloan Post No. 28, The American Legion, Department of Indiana, for variance from the Zoning Ordinance of the City of New Albany, Indiana, to provide for the construction of an oil-gas service station at 914 East Main Street in said city.

The appellants moved for a new trial which was overruled by the trial court.

The appellants have designated as their assignment of error for this appeal that the Floyd Circuit Court erred in overruling their motion for a new trial. Such motion has five grounds. The appellants have waived specifications three, four and five of the grounds set out in their motion for new trial.

Specifications one and two constituting the assignment of error, are that the decision of the court is contrary to law, and that the decision of the court is not sustained by sufficient evidence.

The statute applicable in this case, being §53-778, Burns' 1951 Replacement, reads as follows:

"The board of zoning appeals shall:

"1. Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sections 56 through 65 [§§53-756—53-766] of this act.

"2. Permit and authorize exceptions to the district regulations only in the classes of cases or in particular situations as specified in the ordinance.

"3. Hear and decide special exceptions to the terms of the ordinance upon which the board is required to act under the ordinance.

"4. Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

"In exercising its powers, the board of zoning appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from as in its opinion ought to be done in the premises, and to that end shall have all the powers of the officer or board from whom the appeal is taken. (Acts 1947, ch. 174, §77, p. 571.)"

The portion of the section of the Ordinance of the city of New Albany applicable in this case reads as follows:

"§22. BOARD OF ZONING APPEALS.

" . . .

"E. The Board shall have the following powers and it shall be its duty to:

"(1) Hear and determine appeals from and review any order, requirement, decision or determination made by the Building Commissioner in the enforcement of this ordinance.

"(2) Hear and decide on permits for conditional uses, development plans or other uses upon which the Board is required to act under this ordinance.

"(3) Authorize upon appeal in specific cases such variances from the terms of this ordinance as will not be contrary to the public interest, where owing to special conditions, fully demonstrated on the basis of the facts presented, a literal enforcement of the provisions of this ordinance will result in unnecessary hardship and so that the spirit of this ordinance shall be observed and substantial justice done.

"F. In exercising its powers, the Board may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from as in its opinion ought to be done in the premises, and to that end shall have all the powers of the City Building Commissioner from whom the appeal is taken.

"G. Every decision of the Board shall be subject to review by certiorari.

"H. No variance in the application of the provisions of this ordinance shall be made by the Board relating to buildings, land or premises now existing or to be constructed, unless after a public hearing, the Board shall find:

"(1) That there are exceptional or extraordinary circumstances or conditions applicable to the property or to the intended use that do not apply generally to the other property or class of use in the same vicinity and district.

"(2) That such variance is necessary for the preservation and enjoyment of a substantial property right possessed by other property in the same vicinity and district but which is denied to the property in question.

"(3) That the granting of such variance will not be materially detrimental to the

public welfare or injurious to the property or improvements in such vicinity and district in which the property is located.

"(4) That the granting of such variance will not alter the land use characteristics of the vicinity and district, diminish the marketable value of adjacent land and improvements or increase the conjestion in the public streets."

In the case of *Bd. of Zon. App.* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 145 N. E. 2d 302, this court was confronted with a problem very similar to the one now before us, that being the propriety of this court in reviewing the evidence on appeal from a decision of a lower tribunal granting or disallowing a variance from a city ordinance. The Mishawaka case sets out certain established principles of law which are pertinent to the present controversy in making such a determination. On page 689 it is stated:

"A board of zoning appeals has sole power within its discretion to vary a zoning ordinance and its decision is reviewable by the courts only for illegality in its proceedings. *Board of Zoning Appeals* v. *Waintrup* (1935), 99 Ind. App. 576, 193 N. E. 701; *Keeling* v. *Board of Zoning Appeals* (1947), 117 Ind. App. 314, 69 N. E. 2d 613; *Board of Zoning Appeals* v. *Moyer* (1940), 108 Ind. App. 198, 27 N. E. 2d 905. The Board of Zoning Appeals is authorized by statute to grant variances where unnecessary hardships exist and whether or not hardship exists is a question of fact to be determined by the board. *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N. E. 2d 459. As a general rule the court will not reverse the decision of the Board of Zoning Appeals where there is evidence to support it nor will the court substitute its own judgment for that of the board. *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764. Nevertheless, 'if it should be made to appear that the evidence

> upon which the agency acted was devoid of probative value; that the *quantum* of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest on a rational basis or that the result of the hearing must have been substantially influenced by improper considerations the order will be set aside.' *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. Also 'in final analysis, the finding of an administrative agency will not be disturbed when subjected to the scrutiny of judicial review upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantially factual foundation.' *Keeling* v. *Board of Zoning Appeals, supra.*"

It is the contention of the appellants that the appellee, Bonnie Sloan Post No. 28, wholly failed to present any evidence whatsoever to bring itself within any of the provisions of Section 22 of the Ordinance of the City of New Albany hereinbefore set out.

After an exhaustive review of all the evidence presented in the record, and keeping in mind the standards of review to be applied by this court as set out in the Mishawaka case, and also in giving due consideration to the law governing the allowance of the variance in question, this court can find no error in the granting of said variance.

The record discloses that there was sufficient evidence presented below to permit the finding that the appellee brought itself within the provisions of Section 22 of the Ordinance of the City of New Albany.

Evidence was presented that there was contained in the general area apartment buildings, nursing homes, club houses, a service station, and professional buildings.

Furthermore, the evidence of the appellee, The American Legion Post, before the Board of Zoning Appeals showed that the property of the Post was not applicable to any of the uses as the surrounding property and that such variance was necessary for the preservation and enjoyment of a substantial property right possessed by the American Legion Post by reason of the fact that said land in question was not generally suitable for any use whatsoever in its present status.

There was no evidence presented before the local board of zoning appeals that the granting of the variance would diminish the marketable value of the adjacent land.

All of this evidence, and additional evidence not mentioned herein, we deem sufficient for the Board to reach the conclusion that the request for variance was within the intent of the zoning ordinance, and that said variance would not substantially injure neighboring property.

For the reasons herein stated, we are of the opinion that the judgment of the lower court should stand affirmed.

Judgment affirmed.

Hunter, P. J., Kelley and Mote, JJ., concur.

NOTE.—Reported in 194 N. E. 2d 417.