Metropolitan Board of Zoning Appeals of Marion County et al. *v.* Froe Corporation et al.

[No. 19,873. Filed July 29, 1965.]

*William B. Patrick, Joan R. Caldwell* and *John H. Baldwin,* of Indianapolis, for appellant.

*William F. LeMond,* of Indianapolis, for appellee.

PRIME, P. J.—This is an appeal based upon an action for certiorari in the Circuit Court of Marion County, Indiana, by the appellees, Froe Corporation, Rolenzo A. Hanes and Francis M. Hapek to review a decision of the Metropolitan Board of Zoning Appeals of Marion County, Indiana.

From judgment in favor of appellees the appellants bring this appeal.

Appellants' motion for a new trial was overruled and errors were assigned as follows:

1. The court erred in overruling appellants' Motion for New Trial.
2. The court erred in its conclusion of law No. 1.
3. The court erred in its judgment on special Findings of Fact and Conclusions of Law.

The motion for a new trial asserts that the decision is not sustained by sufficient evidence and that the decision is contrary to law. The assignments of error and the grounds in the motion for a new trial are properly grouped and supported by one argument as allowed by Rule 2-17 (e) of the Indiana Supreme Court.

This matter was originally begun when the appellees petitioned the Marion County Board of Zoning Appeals for a variance of use so that they might erect a dental office at the location in question, namely, 1808 East 62nd Street in Indianapolis, Indiana. On

September 8, 1959, the petitioners were granted a variance to permit construction of the dental office by the Marion County Board of Zoning Appeals.

Subsequently on September 11, 1959, the Director of the Metropolitan Planning Department filed an affidavit to appeal said decision to the Metropolitan Board of Zoning Appeals, as authorized by statute.

> *"53-969. Petitions for variance.*—The city and county board of zoning appeals and the metropolitan board of zoning appeals are hereby authorized to grant height, bulk, area and use variances in the manner hereinafter set forth. Both city or county board of zoning appeals and the metropolitan board of zoning appeals may grant petitions for variance in their entirety or in part only and upon such conditions as they may deem proper but only if such city or county board of zoning appeals or metropolitan board of zoning appeals, as the case may be, shall make the following determinations in writing, together with in the case of variances of use detailed written findings of face (fact) sufficient to support such determinations:
>
> "1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.
>
> "2. The use or value of the area adjacent to the property included in the variance will not be adversely affected.
>
> "3. The need for the variance arises from some condition perculiar to the property involved and does not exist in similar property in the same zone.
>
> "4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought.
>
> "5. The grant of the variance does not interfere with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 (§§53-931-53-937) of this act: Provided that no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property in-

volved shall be considered to be a part of such metropolitan comprehensive plan.

"All petitions for variance shall be filed with the county board of zoning appeals or the city board of zoning appeals, organized under Chapter 174 of the Acts of 1947 (§§53-701-53-795), as a five (5) member board, whichever has jurisdiction over the property. In case there is no county or city board of zoning appeals having jurisdiction over the property, the petition shall be filed with the metropolitan board of zoning appeals. A copy of such petition for variance shall be filed concurrently with the executive director of the metropolitan planning department.

"If a variance is granted by a city or county board of zoning appeals, such board shall file a copy of its decision with the executive director of the metropolitan planning department within five (5) days from the date of the decision. On or before the third day after the day the executive director receives a copy of the decision of a city or county board of zoning appeals in a variance case, excluding Saturdays, Sundays and holidays, the executive director may appeal such decision to the metropolitan board of zoning appeals. In the case of such appeal, the metropolitan board of zoning appeals shall consider the matter de novo in the same manner as if the petition had been filed with it originally, but may accept into evidence the written record, if any, of the hearing before the city or county board of zoning appeals along with such other testimony or evidence as the petitoner, executive director or other interested parties may wish to introduce. The executive director may appeal a decision of a city or county board of zoning appeals as herein provided, whether he appeared in the case before the city or county board of zoning appeals or not.

"Neither the petitioner nor an aggrieved person shall be entitled to appeal a decision of a county or a city board of zoning appeals to the metropolitan board of zoning appeals but may appear in a case appealed by the executive director.

"If the executive director takes an appeal from the decision of a city or a county board of zoning

appeals to the metropolitan board of zoning appeals, no additional public notice shall be necessary but the adverse parties shall be notified by registered letter disclosing the subject of the appeal and the date and place of the hearing.

"In case of an appeal by the executive director where the record shows that there were more than three (3) petitioners or more than three (3) remonstrators, then the executive director shall not be required to give notice to more than the first three (3) petitioners or the first three (3) remonstrators, or both, as the record discloses.

"In case the executive director appeals a decisions (decision), his appeal shall take precedence over the other appeals pending on the docket of the metropolitan board of zoning appeals." (Acts 1955, ch. 283, §69, p. 786; 1959, ch. 380, §25, p. 1033, being §53-969, Burns' 1964 Repl.)

Thereafter on January 20, 1960, the Metropolitan Board of Zoning Appeals of Marion County held a public hearing de novo on said petition of the appellees at which time all evidence was presented and witnesses heard.

On April 20, 1960, the said Metropolitan Board rendered its decision denying the application to construct the professional building on the location named above.

On May 19, 1960, appellees filed their petition for Writ of Certiorari from the decision of the Metropolitan Board of Zoning Appeals.

"Every decision of the metropolitan board of zoning appeals shall be subject to review by certiorari . . ." (Acts 1955, ch. 283, §74, p. 786; 1957, ch. 184, §3, p. 388, being §53-974, Burns' 1964 Repl.)

The writ was issued by the court and proper return was filed thereto.

The trial court made findings of fact, stated its conclusions of law and rendered its judgment thereon.

"*53-979. Action of the court.*—The court may decide and determine the sufficiency of the statements of illegality contained in the petition without further pleadings and may make its determination and render its judgment with reference to the legality of the decision of the board of zoning appeals on the facts set out in the return to the writ of certiorari.

"If the court determines that testimony is necessary for the proper dispostion (disposition) of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but no such review shall be by trial de novo.

"In passing upon the legality of the decision of the board of zoning appeals, the court may reverse or affirm, wholly or in part, or may modify the decision of the board of zoning appeals brought up for review.

"Issues in any proceeding under §74 through §79 (§§53-974-53-979) of this act shall have preference over all other civil actions and proceedings. Costs shall not be allowed against the board of zoning appeals unless it shall appear to the court that it acted with gross negligence or in bad faith in making the decision brought up for review." (Acts 1955, ch. 283, §79, p. 786, being §53-979, Burns' 1964 Repl.)"

Pursuant to Rule 1-7C of the Supreme Court of Indiana the following findings of fact and conclusions of law were made by the trial court and judgment rendered thereon:

"1. That plaintiffs are persons aggrieved by a certain decision of the Metropolitan Board of Zoning Appeals of Marion County, as hereinafter more particularly set forth.

"2. That plaintiffs Rolenzo A. Hanes and Francis M. Hapak are the owners of the property in dispute, which property is commonly known as

1808 E. 62nd Street, and more particularly described as follows, to-wit:

"Twenty-One Feet, Four Inches off of the East side of Lot 1 and all of Lot 2 in Morton B. Dawson's 1st Addition to the City of Indianapolis, recorded in Plat Book 18, pages 165 and 166 in the Office of the Recorder of Marion County, Indiana, together with that portion of a vacated public alley bounding the north end of said lots which reverted to said lots by act of vacation.

"3. That on the 8th day of September, 1959, plaintiff Froe Corp., in Cause No. 179-V-59, was granted a variance to permit construction of a two-story professional office building upon the above-described premises by the Marion County Board of Zoning Appeals.

"4. That thereafter, the Executive Director of The Metropolitan Planning Department filed an affidavit to appeal said decision to The Metropolitan Board of Zoning Appeals of Marion County, which affidavit was filed on September 11, 1959.

"5. That thereafter, on the 20th day of January, 1960, The Metropolitan Board of Zoning Appeals of Marion County held a public hearing de novo on said petition of plaintiff Froe Corp. previously heard and favorably decided in behalf of petitioner Froe Corp. before the Marion County Board of Zoning Appeals, and at said January 20th hearing all evidence was presented and interested parties were heard in said matter, and The Metropolitan Board of Zoning Appeals of Marion County took said cause under advisement and did not make detailed written findings of fact and decision until April 20, 1960, at which time said Board rendered a decision unfavorable to plaintiff Froe Corp. and denied its application to construct a two-story professional building on the above-described land.

"6. That prior to the hearings aforesaid, a Marion County Plan Commission was created pursuant to Chapter 174 of the Indiana Acts of 1947 and duly adopted a zoning ordinance and master plan for the unincorporated limits of Marion County, Indiana, in which area the land in controversy is

situate, which ordinance was duly enacted by the Board of Commissioners of the County of Marion, and pursuant to said ordinance the aforesaid lands of plaintiffs were, prior to and at the time of the hearing and granting of the variance as hereinabove mentioned, zoned R-3 (Residential) which prohibits the construction and occupancy of a professional building upon plaintiffs' land unless a variance is granted by the Marion County Board of Zoning Appeals as aforesaid.

"7. That the said Marion County Board of Zoning Appeals was duly created pursuant to said Chapter 174 of the Indiana Acts of 1947, prior to the hearings aforesaid.

"8. That pursuant to Chapter 283 of the Indiana Acts of 1955, a Metropolitan Plan Commission was created and duly adopted by a resolution in the said zoning ordinance and master plan of Marion County, Indiana, as a part of the first comprehensive master plan for metropolitan Marion County, which zoning ordinance and master plan were duly adopted by the Marion County Council and was in full force and effect on the date that the said Marion County Board of Zoning Appeals granted the variance aforesaid.

"9. That pursuant to Chapter 283 of the Indiana Acts of 1955, a Metropolitan Board of Zoning Appeals of Marion County was duly created and was and is in lawful existence at all times and for all purposes complained of herein.

"10. That the defendants Walter C. Tague, Velma G. Tague, Max M. Hirschfeld and Walter H. Polsz are made parties defendant for the reason that these parties' names were the first three names appearing upon a written remonstrance containing more than three names and presented at hearing to The Metropolitan Board of Zoning Appeals of Marion County.

"11. At the time of the public hearing January 20, 1960, the attending members of The Metropolitan Board of Zoning Appeals of Marion County, who heard the evidence and testimony of witnesses, consisted of George Caleb Wright, Mary McKinzie, William Ribble and Howard S. Mills, Sr.; but the Board members who made the detailed finding of fact and decision in this cause on April 20, 1960

were George Caleb Wright, Mary McKinzie and Grayble McFarland, and there were, therefore, only two members of the five-member board who made the detailed finding of fact and decision who heard the evidence presented in the case.

"12. That the Marion County Board of Zoning Appeals on May 14, 1957 authorized a variance for construction of a gasoline service station on the property next adjoining east of the property herein described, and on the same day authorized a variance to convert a residence to a real estate office on the property next adjoining west of the property herein described, all of which properties are the only properties in the block of land between Crittenden and Norwaldo Streets on the north side of Broadripple Avenue (62nd Street), and The Metropolitan Board of Zoning Appeals of Marion County did affirm these decisions authorizing such uses in a hearing held June 19, 1957, and which decision (decisions) were later reaffirmed by the Marion Circuit Court on November 4, 1957.

"13. That various zoning authorities, including The Metropolitan Board of Zoning Appeals of Marion County, by variance or zoning amendment, have authorized within an expanse of fifteen (15) city blocks along Broadripple Avenue (62nd Street), between the business community of Broadripple and the Glendale Shopping Center at Keystone Avenue, which is 2400 east, approximately twenty-five (25) business locations subsequent to the time that the plaintiffs' land was zoned and restricted to residential use.

"14. That the principal persons who appeared before The Metropolitan Board of Zoning Appeals of Marion County, other than the Executive Director of The Metropolitan Plan Commission of Marion County, to oppose the construction of a two-story professional building on the above-described property of plaintiff, have homes in closer proximity to the business activity of the real estate office and gas station, previously approved by the Metropolitan Board of Zoning Appeals of Marion County, and which lie immediately adjacent to the west and east boundaries of plaintiff's property, than to the proposed professional building.

"15. That the plaintiffs Rolenzo A. Hanes and Francis M. Hapak. are orthodontists, specializing in the care and treatment (of) children's teeth, and were, at the time of the administrative hearing, already practicing. dentistry in the general locale of the property in dispute, and performing a professional service to the general neighborhood, and the proposed two-story professional building which they proposed to construct to practice their. profession was shown to be of pleasing and competent building design, at least equal to general construction standards of the area and in conformity with general building, health and safety standards.

"16. That on October 19, 1960, and after this action was commenced, The Metropolitan Board of Zoning Appeals of Marion County, in private meeting and without parties plaintiff present, by motion, ratified the finding of fact and decision. in this cause rendered by it on April 20, 1960, by a vote of more than three (3) of its members then present.

"17. That the evidence and facts in this cause are with the plaintiffs and against the defendants, and the plaintiffs should be authorized to construct. and occupy a two-story professional building upon the premises in controversy.

. "And, as conclusions of law upon the facts above found, the Court concludes:

"1. That the law in this cause is with the plaintiffs and against the defendants, and the plaintiffs should be authorized to construct and occupy a two-story professional building upon the premises in controversy.

"s/Scott A. McDonald.

"Special Judge, Marion County Circuit Court

"Dated June 27, 1961."

The appellants urge two grounds for reversal of the above judgment:

1. That the trial court must find facts on the five elements set out by statute by which a variance can be granted by the board.

2. That the trial court could not authorize the

variance because the act of purchase of the land is self-created hardship.

It is the function of the court to *review* the holding of the board for *illegalities* only. The board found that the test of the five elements had not been met. The function of the court was to ascertain only if there were any illegalities in the action of the board.

In passing upon illegalities the court can affirm, reverse or modify the decision of the board. In this instance the court reversed the board in compliance with its statutory authority. §53-979, *supra*.

It now becomes the duty of this court to determine if the trial court acted contrary to law in determining the illegalities that existed and thereby reversing the board.

The record shows that the Metropolitan Board held a hearing de novo after the Marion County Board had granted the variance in favor of the appellees here. It also shows that four (4) members conducted the hearing and that only *two members of the four* made the decision and signed the order. About 4 months later after the cause had been submitted to the trial court for review, the appellant board held a meeting to ratify the action of the board and at that time three (3) members signed the order.

We quote here the controlling statute appertaining to zoning boards and decisions thereof respecting a quorum.

"A majority of members of a board of zoning appeals shall constitute a quorum. No action of the board is official, however, unless concurred in by a majority of the board." (Acts 1955, ch. 283, §62, p. 786, being §53-962, Burns' 1964 Repl.)

We must conclude that the order of the Metropolitan Board was, in effect, a minority report and that the trial court properly found that such a procedural flaw must be defined as an illegality. *W.I.B.C., Inc.* v. *F.C.C.* (1958), 259 F (2d) 941, (certiorari denied, 358 U. S. 920, 3 L Ed (2) 239, 79 S. Ct. 290); *Smith* v. *State* (1915), 214 N. Y. 140, 108 N. E. 214; 58 Am. Jur. Zoning, §219, p. 1058.

After the trial court had issued the writ of certiorari and a proper return was made thereto, the matter was then in the hands of the court and the Board had lost jurisdiction. It would be completely illegal for the Board to change the record and supply additional signatures to its order as was done in this cause long after the matter had been submitted to the court for review.

The scope of review allowed a trial court must also be considered here. As set out in the Acts of 1955, Ch. 283, §79, p. 786, being §53-979, Burns' 1964 Repl., the court is limited to a review of the proceedings for illegalities only. See *Fryer* v. *City of New Albany* (1963), 135 Ind. App. 454, 194 N. E. 2d 417, 420. *Bd. of Zoning Appeals* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 689 145 N. E. 2d 302.

In the case before us the trial court made findings of fact and conclusions of law which lead to the conclusion that the petition was tried *de novo* and that the court substituted its discretion for that of the Board. This it cannot do.

The judgment of the trial court is reversed with instructions to remand the matter to the Metropolitan Board of Zoning Appeals for official and majority action.

Judgment reversed with instructions.

Bierly, C. J., Hunter, Mote and Smith, JJ., concur.

Carson, J., dissents with opinion.

Faulconer and Martin,* JJ., not participating.

### DISSENT

CARSON, J.—I disagree with the final paragraph of the opinion in this case. The decision of the Metropolitan Board of Zoning Appeals was by two out of five members. The petition for Writ of Certiorari, among other things, attacked the legality of this decision. Under §53-979, Burns' 1956 Replacement, paragraph 3, we find the following language:

> "In passing upon the legality of the decision of the board of zoning appeals, the court may reverse or affirm, wholly or in part, or may modify the decision of the board of zoning appeals brought up for review."

In the case of *Lyons* v. *Delaware Liquor Commission*, 58 A. 2d 889, 895, in discussing the right of the commission to change an order previously entered we find the following language:

> "We think that the Commission's power to make a decision implies a power to vacate it, where cause is shown, within a limited period. 43 Am. Jur. pp. 535 et seq. However, the power does not exist after the expiration of the ten-day period for taking an appeal."

In 2 Am. Jur. Administrative Law, §523, p. 335, we conclude the general rule to be as some courts have held that administrative agencies do not have the inherent power to re-open and re-consider orders on the theory that if such power were recognized there would be no limitation on the power and that it could be

---

*While Judge Martin participated in the hearing of the oral argument and the conference of the judges above named, due to his untimely death he was not present at the time of, and did not participate in, the adoption of this opinion.

exercised at any time and there would be no end to litigation.

In 168 A.L.R., p. 127, under the subject of zoning we find that an administrative agency does not have authority to reconsider and re-open proceedings while judicial review is pending.

In the case of *Citizens Street R. Co.* v. *Heath* (1899), 154 Ind. 363 55 N. E. 107, our Supreme Court had before it an application for Writ of Certiorari to be issued to the clerk of the lower court to correct certain alleged errors and omissions in the record. The court pointed out that neither affidavits nor parol evidence will be accepted or considered by the court for the purpose of contradicting the verified petition for the writ. Extending this conclusion I feel that the only thing which the Metropolitan Board could do in this case was to certify its record at the time of the filing of the petition for the writ and it had no jurisdiction in this case to amend or change that record before making its return to the order.

In the case of *Riker* v. *Board of Standards & Appeals* (1929), 225 App. Div. 570, 234 N. Y. S. 42, cited in 168 A. L. R., p. 127 the following language is set out:

"The granting of an order of certiorari to review the determination of a zoning board of appeals deprives the board of jurisdiction to take any further action in the matter."

The Metropolitan Board of Zoning Appeals had entered an illegal order and had lost jurisdiction to change that order. The directive to the trial court should be a reversal of the trial court's judgment and order to the trial court to enter a judgment to the effect that the decision of the Metropolitan Board of Zoning Appeals was illegal and that the order of the

Marion County Board of Zoning Appeals should be affirmed.

NOTE.—Reported in 209 N. E. 2d 36.