MARION COUNTY BOARD OF ZONING APPEALS *v.*
SHEFFER AND CLARK INC.

[No. 20,387. Opinion on Petition to Remand filed August 18, 1965. Opinion on Merits filed October 21, 1966.]

*Marshall E. Williams, Nick G. Ricos,* and *Elrod, Taylor & Williams,* of Indianapolis, for appellants.

*Henry M. Coombs,* of Indianapolis, for appellee.

ON PETITION TO REMAND

Bierly, C.J.—Appellee, Sheffer and Clark, Inc., filed in this cause, on July 26, 1965, an instrument entitled "PETITION TO REMAND FOR SETTING ASIDE AND DISMISSING ACTION," which petition, omitting formal parts, is as follows, to-wit:

"Comes now the appellee, by its counsel of record, and represents to the Court as follows:

"1. That since the date judgment was entered in the Marion Superior Court, Room No. 3, there have been substantial changes in the circumstances upon which the judgment was entered, to-wit:

"(A). That the appellee no longer desires the variance of use for the construction and erection of a mobile home park, service station, and commercial building for the site upon which the variance was granted.

"(B). That the appellee represents that it does not desire to further participate in this appeal.

"(C). That appellee has lost considerable money in its attempt to develop the property in question and has had to sell the same and therefor[e] no longer has an interest in the property or a variance therefor.

"(D). That appellee therefor[e] desires that this matter be remanded to the Marion Superior Court, Room No. 3, for the purposes of setting aside its judgment entered and to dismiss said matter.

"2. That should this petition be denied, appellee requests that it be given thirty (30) days, from the date of denial, within which to file its Answer-Brief.

"WHEREFORE, the appellee prays of this Court that this matter be remanded to the Marion Superior Court, Room No. 3, for the above purposes."

Thereafter, on the 27th day of July, 1965 appellants filed objections to appellee's petition to remand, which was followed, on the 29th day of July, 1965, by appellee's filing a reply to appellants' objections thereto.

This cause was tried in the Marion Superior Court, Room 3, and resulted in a judgment in favor of Sheffer and Clark, Inc., appellee in this appeal.

Appellants submitted their transcript and assignment of errors on the 17th day of May, 1965 in this court. This was followed by the filing of appellants' brief on the 15th day of June, 1965.

Appellee, in this particular case, had been awarded, by the Marion Superior Court, Room No. 3, of Marion County, Indiana, a "variance of use for the construction and erection of a mobile home park, service station, and commercial building for the site upon which the variance was granted." From this judgment appellants perfected their appeal.

Appellee, in its petition to remand for setting aside judgment awarded in its favor and asking dismissal of this appeal, asserts that since the date of the judgment there have been substantial changes in the "circumstances upon which the judgment was entered" and that any further need is lacking for the variance granted by the judgment; that appellee has lost a great amount of money in attempting to develop the property and has been forced to sell the same, with the result that appellee has no interest in the property or in a variance therefor.

Appellants, in their objections to the granting of appellee's petition to remand and dismiss this appeal, assert that neither

existing law nor Supreme Court Rules authorized such procedure; that there can be no reliance that the trial court will set aside its judgment nor has appellee any power to set it aside; that they question the jurisdiction of the trial court to set aside the judgment. Appellants further assert that the only available procedure in setting aside the judgment is for reversal of the same by this court.

Appellee, in its reply to appellants' objections to its petition to remand, cites a recent decision in the case of *Boller et al.* v. *Terhune et al.* (1963), 134 Ind. App. 231, 187 N. E. 2d 370, as being based on substantially the same factual situation as presented in the case at bar. Appellee, in his reply, further states that after the briefs had been filed by the appellee and the appellants, "the appellee and appellants then filed their motion that the cause be remanded to the [Grant] Circuit Court for the purpose of setting aside its judgment and to enter a judgment denying a special use permit."

Since appellee urges the applicability of the *Boller* case, *supra,* as controlling in the case at bar, we quote verbatim the motion in said Cause No. 19534, omitting formal parts, as follows:

"MOTION
"COME NOW the Appellants and the Appellees, by their counsel of record and represent to the Court as follows:

"(1)   That since the date judgment was entered by the Grant Circuit Court of Indiana, there have been substantial changes in the conditions upon which the judgment was entered, to-wit:

"(a)   That the Appellees are no longer interested in the special use permit for the site upon which the permit was granted.

"(b)   That the Appellees represent that they do not desire to further participate in this appeal.

"(c)   That the Appellants and the Appellees have agreed among themselves that this matter shall be remanded to the Grant Circuit Court of Indiana for the purposes of setting aside its judgment entered and to enter a judgment denying said special use permit."

After consideration of appellee's petition to remand for setting aside the judgment of the trial court, the objections thereto by appellants, and the reply by appellee to appellants' objections, it appears, and we find, that since the date of the judgment by the Marion Superior Court, Room 3, there have arisen substantial changes in the circumstances, conditions and the position of the parties from those existing at the time of the granting of the variance.

We further find that appellants objected to appellee's motion to remand, but that, in the *Boller* case, *supra,* appellants joined appellees in their motion to remand and, hence, the *Boller* case, *supra,* lacks applicability in a determination of the issue raised relative to appellee's motion to remand.

We further find that appellants have substantial rights in this appeal which cannot be denied them without their consent other than by proper judicial process.

We are of the opinion that appellee's petition to remand should be denied.

Petition to remand denied.

### OPINION ON MERITS

BIERLY, J.—On September 14, 1965, appellee filed a petition to transfer this cause to the Supreme Court, asserting therein that appellee in its petition for Writ of Certiorari properly raised the constitutional question of the unlawful taking of its property without just compensation in violation of the constitution; and, also in violation of the due process clause thereby challenging the constitutionality of the zoning ordinance as to its property.

Appellants' filed objection September 20, 1965, to appellee's petition to transfer alleging said petition did not comply with the Supreme Court Rule 2-12, that appellee's assertion of the taking of the property without just compensation is a pure conclusion, and is not supported by any facts in said petition or in the record; and that appellee's assertion that it raised and

asserted the issue that the zoning ordinance was unconstitutional as applied to its property is a pure conclusion and unsupported by the facts in said petition or in the record.

On November 10, 1965, the following entry was made by this court, to-wit:

"Petition for transfer to Supreme Court of Indiana is now held in abeyance, and the same will be heard at the beginning of oral argument when the cause will be heard on its merits, to be set at a later date."

During oral argument neither appellants nor appellee discussed at length the petition for transfer to the Supreme Court.

We are of the opinion that the petition to transfer said cause to the Supreme Court should be and the same is hereby denied.

Appellants in their second paragraph of answer to appellee's motion to transfer cause to the Supreme Court, filed on said date of September 20, 1965, a motion to reverse the judgment of the trial court.

We hold that this motion to reverse the decision and the judgment of the trial court should be denied without discussion, and said motion for reversal is hereby denied.

This is an appeal from a decision of the Marion County Superior Court Room 3, reversing the Marion County Board of Zoning Appeals which had originally denied appellee's petition for a variance of use from the terms of a zoning ordinance to permit the construction and operation of a mobile home park, service station, and a commercial building. The proceedings for review by the superior court were brought pursuant to Burns' § 53-974 Et. seq. (1964 Replacement).

The appellants assign as error in addition to other errors that the finding and decision of the trial court is contrary to law.

The statute governing petitions for variance is Acts 1955, ch. 283, Sec. 69, p. 786; 1959, ch. 380, Sec. 25, p. 1033, Burns'

§ 53-969 (1964 Replacement) [as last amended by Acts 1965, ch. 434, Sec. 17, p. 1375; Burns' Ind. Statutes § 53-969 (1966 Cum. Supp.)]. Under this statute, there are five (5) conditions which must be met before a variance can be granted. They are as follows:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

"2. The use or value of the area adjacent to the property included in the variance will not be adversely affected.

"3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought.

"5. The grant of the variance does not interfere with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931—53-937] of this act: Provided that no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan."

The trial court's function in passing upon the Board's determination is set out in Burns' § 53-979 (1964 Replacement), which is as follows:

"The court may decide and determine the sufficiency of the statements of illegality contained in the petition without further pleadings and may make its determination and render its judgment with reference to the legality of the decision of the board of zoning appeals on the facts set out in the return to the writ of certiorari.

"If the court determines that testimony is necessary for the proper dispostion [disposition] of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but no such review shall be by trial de novo.

"In passing upon the legality of the decision of the board of zoning appeals, the court may reverse or affirm, wholly or in part, or may modify the decision of the board of zoning appeals brought up for review."

As was stated in the case of *Bd. of Zon. App.* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 690, 145 N. E. 2d 302:

> ". . . As a general rule the court will not reverse the decision of the Board of Zoning Appeals where there is evidence to support it nor will the court substitute its own judgment for that of the Board. *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764. Nevertheless, 'if it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the *quantum* of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest on a rational basis or that the result of the hearing must have been substantially influenced by improper considerations the order will be set aside.' *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. Also, 'in final analysis, the finding of an administrative agency will not be disturbed when subjected to the scrutiny of judicial review upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantially factual foundation.' *Keeling* v. *Board of Zoning Appeals, supra,*" (1947), 117 App. 314, 69 N. E. 2d, 613.

Also, in the case of *Board of Zoning Appeals of the City of Indianapolis* v. *American Fletcher National Bank and Trust Company, et al.* (1965) 139 Ind. App. 9, 205 N. E. 2d 322, this court stated:

> "The statutory causes for variance found in § 53-969, supra, further limit the trial court's review in that error of law by the Board as to its finding against appellant on *some* of these causes will not be sufficient for reversal of the Board's order. That is to say, each cause in § 53-969, supra, for a variance must be unequivocally present, giving wide construction to the total of the evidence introduced both before the Board and that given before the trial court, resolving all doubts in favor of the Board's determination."

In the case at bar, there was evidence presented to the Board that the proposed variance, if granted, would have an adverse effect on the adjacent property values. The appellants presented the evidence of a Mr. Albert Lannan, a licensed

real estate broker, a member of the Indianapolis Real Estate Board and the Real Estate Commission, and a member of the A.I.A. Appraising Society. Mr. Lannan testified that he had had nineteen (19) years experience in his profession, a great deal of said experience being in Decatur and Wayne Townships, Marion County, Indiana. In substance he testified that the proposed variance, if granted, would have an adverse effect upon adjacent property values.

There was also evidence produced relative to other statutory grounds for variance upon which the Board could have based its order. However, it is sufficient to find evidence of only one of the five statutory grounds in order to reverse the decision and judgment of the trial court. For that reason we will not belabor this opinion with the recital of such evidence.

Applying the rules limiting review of the zoning board's order to the facts presented to the Board and the Court, it cannot be concluded as a matter of law that the grant of a variance would not effect adversely the use or value of the area adjacent to the property included in the proposed variance.

We, therefore, hold that the decision of the trial court is contrary to law. The judgment is hereby reversed and remanded with instructions to enter judgment consistent with this opinion.

Judgment reversed.

Smith, C.J., and Mote, J., concur.

Hunter, J., concurs in result only.

NOTE.—Opinion on Petition to Remand Reported in 209 N. E. 2d 522; Opinion on Merits Reported in 290 N. E. 2d 543.