KEISER *v.* BOARD OF ZONING APPEALS OF MISHAWAKA ET AL.

[No. 667A19. Filed May 3, 1968. No petition for rehearing filed.]

*F. Richard Kramer,* and *Schindler, Kramer & O'Malley,* of Mishawaka, for appellant.

*William T. Means* and *R. Wyatt Mick, Jr.,* of Mishawaka, and *Joseph A. Roper,* of South Bend, for appellees.

BIERLY, J.—Appellant appealed from the issuance of a building permit, by the Building Commissioner, which authorized appellees (Robinsons) to construct a Drive-In Restaurant upon their property, which was zoned "D" commercial.

The basis of that appeal was that Drive-In Restaurants were not permitted in "D" commercial districts under the provisions of Ordinance #706 as amended by Ordinance #1213.

The pertinent portion of Ordinance #706 states:

"In the 'D' and 'E' Commercial Districts, all buildings and premises except as otherwise provided in this ordinance, may be used for any use permitted in the 'B' and 'C' Residence Districts or for any other use except the following:"

Following this are listed some twenty (20) various uses which were prohibited. Drive-In Restaurants are not listed. Therefore, under Ordinance #706, as originally enacted, a Drive-In Restaurant could be placed in a "D" commercial zone.

The Ordinance in question was amended by Ordinance #1213 which, in part, provided:

"Section 1. Ordinance No. 706 adapted [sic] by the Common Council of the City of Mishawaka, Indiana, on the 20th day of July, 1931, be and the same is hereby amended so as to include a new and distinct zoning classification, designated as Commercial C-4 District, in which district no building structure or premises shall be used, designed, altered or designed for use, except for one or more of the following uses:
   "Gasoline Filling Stations
   "Signs and Billboards
   "New and/or Used Automobile
      Sales and/or Service Units
   "Drive-In Restaurants
   "Commercial Parking Lots."

The question thus becomes one whether Ordinance #1213 prohibits the use of a Drive-In Restaurant in a "D" commercial zone?

It is our opinion that a literal reading of the Ordinance clearly shows that all uses, except the five uses above listed, are prohibited in a C-4 zone. However, the Ordinance does not state that the five uses listed are restricted to only a C-4 zone, or that the five uses cannot be used in another zone. Thus we find that the proposed use for which the permit was granted was lawful and as a matter of law, the only result, on the grounds raised by appellant below, that could have been reached by the Building Commissioner,

the Board of Zoning Appeals, and the Superior Court, was to grant the permit and deny relief to the appellant.

The appellant below sought to have the St. Joseph Superior Court interpret the Ordinance so as to prohibit the use of the five uses in all zones other than the C-4 zone. However, the trial court rejected this contention. The trial court supported its decision by a memorandum opinion which constitutes a part of the record. This memorandum opinion indicates careful consideration of the question involved in his order. While it is not within our province to consider the memorandum opinion as findings of fact and law, nevertheless it becomes significant inasmuch as it clearly sets forth the basis of the decision reached.

We are in agreement with the reasoning and authorities cited by Judge Dempsey.

Appellant has raised the issue of a lack of a majority vote on the Board of Zoning Appeals at the time in which this matter was voted upon. We are of the opinion that this issue becomes moot in view of the fact that as a matter of law the Board could have only affirmed the Commissioner on the basis of the Ordinance in question.

Appellant contends that the Superior Court erred in the foregoing for the reason that it substituted its judgment for the judgment of the Board and thus had a trial de novo contrary to the case of *Metropolitan Bd. of Zoning App.* v. *Froe Corporation* (1965), 137 Ind. App. 403, 209 N. E. 2d 36.

We cannot agree with this contention. The court below did not hold a trial de novo and did not substitute its judgment for that of the Board, since it could only hold for appellees under the Ordinances. The case was decided as a matter of law, not fact.

It is true that the plans as submitted before the Board demonstrated a violation of a twenty-five (25) foot setback provision required by Ordinance.

However, under Burns' Anno. Stat. § 53-979 (1964 Replacement) it is provided that:

"If the court determines that testimony is necessary for the proper dispostion [disposition] of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ. . . ."

The St. Joseph Superior Court considered affidavits alleging that the setback requirements were in error as shown by the plans, and that they would in fact comply with the twenty-five (25) foot setback provisions.

We are of the opinion it was within the trial court's province to accept these affidavits, and by so doing it does not necessarily conduct a trial de novo, but merely follows its statutory authority in this area.

For the foregoing reasons, we are of the opinion that the judgment of the court below should be affirmed.

Judgment affirmed.

Cook, P. J., Pfaff and Smith, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 501.