METRO. BD. ZONING APPEALS OF MARION CO. ET AL. *v.*
GATEWAY CORP., ET AL.

[No. 1069S250. Filed April 23, 1971. No petition for rehearing filed.]

*Norman R. Newman,* of Indianapolis, for appellants.

*William F. LeMond,* of Indianapolis, for appellees.

GIVAN, J.—The appellee petitioned the appellant Board of Zoning appeals for a use variance. The land for which the variance was sought was located in an area zoned for single family dwellings. The appellee desired to construct 24 townhouse (multiple family) units with off-street parking on the land. The subject land consists of six adjacent lots owned by the appellee. The appellant Board refused the variance. As a result, appellees petitioned for a writ of certiorari. The hearing on the writ resulted in the reversal of the Board decision and the following findings:

"1. Gateway Corporation is an Indiana corporation owning real property in Indianapolis, Indiana, commonly known as 5632, 5638 and 5646 North College Avenue, and more particularly described as Lots 443 through 448, inclusive, in Light's Belleview Addition to the City of Indianapolis, per plat thereof recorded in Plat Book 11, Page 36, in the Office of the recorder of Marion County, Indiana.

2. The Petitioner, Gateway Corporation is aggrieved by the decision of the Respondent, Metropolitan Board of Zoning Appeals of Marion County, Division II, rendered August 15th, 1967, in Case No. 67-V2-161, denying the Petitioner the authority to construct twenty-four (24) townhouses on the above described property.

3. The evidence in this cause discloses that the public authority, to-wit: The Marion County Health and Hospital Corporation, compelled the Petitioner to remove residential improvements upon the subject property because of age and obsolescence as the magnitude of repairs ordered by the public authority were a practical impossibility to perform from an economic standpoint.

4. Following the removal of aged and obsolete residential structures under order of the public authority, all of the evidence in this cause discloses there was no reasonable or

practical method by which the owner of the subject property could enjoy any reasonable beneficial use of the property as it was zoned.

5. The evidence in this cause discloses that the Defendant, Metropolitan Board of Zoning Appeals of Marion County, and its predecessor Board of Zoning Appeals had repeatedly and continuously over a long period of years granted similar relief as requested by the petitioner from the same oppressive zoning restrictions on similarly situated properties in the same general geographic area, but in this singular instance, said Defendant repeatedly rejected this Petitioner relief from the unreasonable and unrealistic zoning restriction upon its land.

6. That an ordinance which permanently so restricts the use of property that it cannot be used for any reasonable purpose as presented under the facts of this case goes beyond regulation and constitutes a taking of the property in violation of Sections 21 and 23 of Article I of the Constitution of the State of Indiana and of the 5th and 14 (sic) amendments to the Constitution of the United States of America.

7. That the law in this case is with the Petitioner, Gateway Corporation, and against the Respondents.

WHEREFORE, IT IS ORDERED, ADJUDGED and DECREED that the finding and decision of the Metropolitan Board of Zoning Appeals of Marion County, Indiana, Division II . . . is declared to be illegal and it is hereby reversed in whole and the Petitioner, Gateway Corporation, be, and it is, hereby authorized to construct twenty-four (24) townhouse units as petitioned for before the Defendant Board. . . ."

It is from this decision that the appellant Board appeals to this Court.

In the proceedings below the appellee filed a petition to present supplemental evidence at the hearing on the petition for certiorari. The petition was granted and supplemental evidence was admitted.

John C. Hart owned a fractional interest in Corporation 15 and also owns an interest in Gateway Corporation. The former corporation conveyed the land in question to the latter in November, 1965. Subsequently the Marion County Health

and Hospital Corporation ordered certain repairs to be made on the improvements contained on the land, or in the alternative, to tear them down. The decision was made, based on economic feasibility, to tear down the improvements. John C. Hart testified at the hearing on the writ that the taxes and maintenance exceeded the gross income derived from the property torn down.

The case comes directly to this Court because of an alleged violation of provisions of the Indiana and United States Constitutions.

Burns Ind. Stat., 1968 Repl., § 4-214 states in pertinent part as follows:

". . . Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:

First. All cases in which there is in question, and such question is duly presented . . . the validity of an ordinance of a municipal corporation . . . or the rights guaranteed by the state or federal constitution."

The appellant contends that the petitioner failed to raise the question of constitutionality of the ordinance before the Board, thereby waiving it.

The appellant concedes that the question of constitutionality of an ordinance as it applies to a particular parcel of real estate may be raised before the Board by a petition for variance. See *Town of Homecroft* v. *Macbeth* (1958), 238 Ind. 57, 148 N. E. 2d 563. However, it contends ". . . that Appellee, Gateway Corporation, wholly failed and neglected to make any assertion or raise any question concerning the unconstitutionality of the zoning ordinance before the Board of Zoning Appeals."

In the *Homecroft* case, *supra,* the Board of Zoning Appeals also denied a use variance to the petitioner who sought review by a writ of certiorari. The trial court in that case reversed the Board and granted the variance. While before the Board the petitioner introduced evidence

". . . that the refusal of a variance under the existing circumstances constituted an undue hardship on him by depriving him of the use of his property to such an extent that it became a taking of his property without just compensation. . . . " [238 Ind. at 62]

This Court then stated,

". . . the writ of *certiorari* did not charge the zoning ordinance was void in its entirety, but asserted that it was invalid and unconstitutional as it affected his property under the existing circumstances. Appellee properly sought his remedy by petition for a variance before the Board of Zoning Appeals. *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N. E. 2d 459, and authorities therein cited. As we said in that case at page 309, 'Each case must be determined on its own merits.' " [238 Ind. at 63]

Thus, a constitutional issue can be preserved where a party ■ petitions for a variance if he presents evidence to the Board which frames such constitutional issue.

In the instant case the petitioner alleges that the ordinance in question, as it applies to its particular property is violative of sections 21 and 23 of Article I of the Indiana Constitution and the 14th and 15th Amendments of the United States Constitution. In presenting its case before the Board the appellee submitted the following evidence: That the area was zoned more than 50 years ago as a residential area and as such is incapable of use today; that due to the order of the Marion County Health and Hospital Corporation it was necessary to tear down the improvements contained on the property; that College Avenue, on which the property sits is a main arterial street; that other variances have been granted in the same district; that the aforementioned results in no incentive to build single residential structures; that it cannot sell the property at a reasonable price. This evidence presented the constitutional question to the Board.

Appellant contends that the evidence shows that the zoning ordinance constitutes a reasonable exercise of the police power

and that it is not unconstitutional as applied to the subject property.

Two warranty deeds contained in the record show that Corporation 15 obtained the land in question in 1964, and conveyed it to the appellee Gateway Corporation in 1965. The order of the Marion County Health and Hospital Corporation regarding the repairs was issued in April of 1966. From these facts appellant claims that the appellee allowed the improvements on the property to fall into a state of disrepair and thus, there is a self-created hardship. However, appellee contends that it would not be economically feasible to make the repairs needed due to the rent received. As stated, John Hart testified that the taxes and maintenance exceeded the gross income from the property torn down.

To support its position appellant cites *Board of Zoning Appeals, etc.* v. *Waskelo et al.* (1960), 240 Ind. 594, 168 N. E. 2d 72. In that case the property owner purchased a house on a lot which was 100 feet wide. Subsequently, the property owner sold the house and 56 feet of the land, thereby retaining only 44 feet for himself. He purchased and reconveyed the land with knowledge of a pre-existing zoning ordinance which required a minimum lot width of 50 feet for single-family dwellings. This Court stated:

> "Appellants assert that appellees' 'hardship,' if any, is 'not the result of or induced by the application' of the zoning ordinance to their property, but was created by their own act.
>
> "The rule applicable here is stated in 58 Am. Jur., Zoning, § 208, p. 1053, as follows:
>
> " 'Ordinarily, a claim of unnecessary hardship cannot be based upon conditions created by the owner or applicant.' " [240 Ind. at 597.]

The *Waskelo* case, *supra,* may be distinguished from the case at bar. In *Waskelo* the property owner sold land leaving himself property which measured six feet under the required minimum width. There was no evidence of any attendant circumstances forcing him to do this. It was only indicated

that he failed after some time to sell the whole property, so he sold part of it with the house.

In the instant case the appellee was required to make repairs or tear down the improvements. There was unrebutted testimony that the requisite expenditures and taxes would exceed gross income. From this it was reasonable for the Superior Court to conclude that, as it was not feasible to use the land as it was zoned, that the Board in denying the application of appellee violated its rights under the Constitution of Indiana and the Constitution of the United States.

However, the appellant contends that economic hardship is not the type of hardship contemplated by the statute, citing *The Light Co., Inc.* v. *Houghton et al.* (1967), 141 Ind. App. 93, 226 N. E. 2d 341, 10 Ind. Dec. 458. The Court stated that:

"The law is clear and definite in its declaration that financial or economic considerations cannot govern the granting of a variance. Nor can economic opportunity or loss enter into the determination of the existence of unnecessary hardship. Metsenbaum, *Law of Zoning*, Vol. 1, p. 769; 101 C. J. S. 1077; 168 A. L. R. 30." [141 Ind. App. at 96.]

This proposition, however, is not applicable here. In that case the petitioner grounded his request for a variance on two things: 1) To keep his personnel employed during the winter months and 2) to earn enough money to keep up payments on a mortgage. The Court felt that these two grounds did not arise out of the application of the zoning ordinance to his property. In the present case it is true that the razing of the buildings contained on the land was not caused by the zoning ordinance, however, the fact that the property owner cannot use his land in any other way than for the use for which it is zoned and the fact that this is an unreasonable use does arise from the application of the zoning ordinance.

The *Houghton* case, *supra*, also contains the following language:

"The determination of the existence of an unnecessary hardship is governed by all the relevant factors which, when taken together, indicate that the property cannot reasonably be put to a conforming use because of limitations imposed upon it by the ordinance. It must also be shown that the land involved cannot yield a reasonable return if used only for the allowed zoned purpose, and that the use authorized by the variance will not alter the essential character of the locality. *City of East Chicago, Indiana* v. *Sinclair Refining Co.* (1953), 232 Ind. 295, 111 N. E. 2d 459; *Nelson et al.* v. *The Board of Zoning Appeals, etc. et al.* (1959), 240 Ind. 212, 162 N. E. 2d 449; 101 C. J. S. *Zoning* 1054, § 285; Burns' Annotated Statutes, § 53-968." [141 Ind. App. at 97, 98.]

In the case at bar appellee submitted evidence that the land and improvements could not yield a reasonable return if held to the use allowed by the zoning ordinance.

There is also evidence to the effect that the neighborhood was not purely residential, that the apartments would be fronted on a main arterial street, and that they would be in keeping with the general make-up of the neighborhood.

The appellant further contends that the appellee failed to present evidence to establish the five statutory requirements for variance, and that the trial court substituted its discretion for that of the zoning board.

Burns Ind. Stat., 1964 Repl., § 53-969 sets out the five statutory requirements for variances. These requirements limit the trial court's review of a petition for a variance. The Appellate Court of Indiana stated in *Marion County Bd. of Zon. App.* v. *Sheffer & Clark, Inc.* (1966), 139 Ind. App. 451, 220 N. E. 2d 543, 9 Ind. Dec. 292,

"Also, in the case of Board of Zoning Appeals of City of Indianapolis v. American Fletcher National Bank and Trust Company, et al. (1965) 139 Ind. App. 9, 205 N. E. 2d 322, this court stated:

'The statutory causes for variance found in § 53-969, supra, further limit the trial court's review in that error of law by the Board as to its finding against appellant on *some* of these causes will not be sufficient for reversal of the

Board's order. That is to say, each cause in § 53-969, supra, for a variance must be unequivocally present, giving wide construction to the total of the evidence introduced both before the Board and that given before the trial court, resolving all doubts in favor of the Board's determination.' " [139 Ind. App. at 458]

The aforementioned statute reads in pertinent part as follows:

"53-969. *Petitions for variance.*—. . . the metropolitan board of zoning appeals may grant petitions for variance in their entirety or in part only and upon such conditions as they may deem proper but only if such . . . board of zoning appeals . . . shall make the following determinations in writing, together with in the case of variances of use detailed written findings of face [fact] sufficient to support such determinations:

1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

2. The use or value of the area adjacent to the property included in the variance will not be adversely affected.

3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone.

4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought.

5. The grant of the variance does not interfere with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931—53-937] of this act: Provided that no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan."

The above statute is applicable to regulate the proper exercise of the police power of the Board of Zoning Appeals within the limitations of the Constitution of Indiana and the Constitution of the United States, however, as in *Homecroft, supra,* when the application of the ordinance to the property in question violates the constitutional rights of the owner then it is beyond the power of the Board to enforce

the ordinance and the statute has no application. [See footnotes 1 and 2 at p. 63 in *Homecroft*.]

In the case at bar as in the *Homecroft* case, *supra,* the Board of Zoning Appeals denied the application for variance and upon review the trial court determined such a denial to be unconstitutional. After having examined the evidence applicable to the situation, the trial court ordered the Board to grant the variance. Judge Emmert in the final paragraph of the *Homecroft* case stated:

> "The ordinance in question precludes appellee's use of his property for any purpose to which it is reasonably adapted. The ordinance is unconstitutional as applied to the appellee and the finding of the trial court was sustained by sufficient evidence and was not contrary to law." [238 Ind. at 69.]

The above language is as applicable in the case at bar as it was in *Homecroft.*

Appellant also contends that the court erred in that it tried the cause de novo and permitted the introduction of additional evidence. The additional evidence complained of was a list of variances which had been granted to owners of other properties fronting on College Avenue, the street subject properties abutted, the testimony of John Hart before the trial court concerning the inability to economically use the property under the existing zoning, and the testimony of Mrs. Moenning, who testified as to the general character of the neighborhood. Burns Ind. Stat., 1964 Repl., § 53-979 reads, in part, as follows:

> "If the court determines that testimony is necessary for the proper dispostion [disposition] of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but no such review shall be by trial de novo."

The above portion of the statute expressly prohibits a trial de novo but does permit the taking of supplemental evidence. Several cases in Indiana have recognized this statute. In *Metropolitan Board of Zoning Appeals of Marion Co. et al.* v.

*Froe Corp. et al.* (1965), 137 Ind. App. 403, 209 N. E. 2d 36, 6 Ind. Dec. 164, and in *Board of Zoning Appeals of the City of Indianapolis* v. *American Fletcher National Bank & Trust Co.* (1965), 139 Ind. App. 9, 205 N. E. 2d 322, 5 Ind. Dec. 108, the Appellate Court held that the trial court had violated the statute in that it had in fact tried the petition for variance *de novo.*

In *Lutz* v. *New Albany City Plan Commission* (1951), 230 Ind. 74, 101 N. E. 2d 187, and in *Keiser* v. *Board of Zoning Appeals of the City of Mishawaka et al.* (1968), 142 Ind. App. 599, 236 N. E. 2d 501, 14 Ind. Dec. 201, the Supreme Court and the Appellate Court, respectively, held that although the trial court had received supplemental evidence, it did not conduct a trial de novo and thus did not violate the statute.

In order to lay down some guidelines as to what constitutes a trial de novo and on the other hand what constitutes permissible supplemental evidence under the statute, we observe that Black's Law Dictionary, Fourth Edition, defines trial de novo as "a new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below." The same dictionary defines supplemental as "that which is added to a thing to complete it."

In the case at bar the list of variances which had been granted along College Avenue between 38th Street and 71st Street was introduced in the trial court to add to the evidence which had been presented to the Board that the trend along this entire portion of College Avenue was away from residential and toward business and multiple housing units. The testimony of John Hart concerning the inability to make economical use of the land within the existing zoning ordinance likewise merely added to similar evidence heard before the Board. The testimony of Mrs. Moenning merely added to evidence heard by the Board as to the changing character of the neighborhood, especially as such change affected properties fronting on College Avenue. We hold that

the trial court which is called upon to review by certiorari the action of a zoning board may permit additional evidence so long as it confines such evidence to the subjects covered in the hearing before the zoning board. When the trial court so restricts the additional evidence, it is giving credence to the proceedings before the zoning board, and is therefore receiving evidence which is only supplemental to the Board's proceeding. However, if the trial court goes beyond the subject of the evidence submitted to the Zoning Board, it is then proceeding as though no hearing had been had before the Board and is conducting a trial de novo. This it may not do under the statute.

In the case at bar the court properly restricted the evidence to that which can properly be termed supplemental to that evidence received by the Board. This the trial court properly pointed out to the parties in ruling upon the admissibility of the supplemental evidence before it.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 736.