The METROPOLITAN BOARD OF ZON-ING APPEALS OF MARION COUNTY, Indiana, DIVISION II, Appellant (Respondent),

v.

McDONALD'S CORPORATION, Appellee (Petitioner).

No. 2–484–A–107.

Court of Appeals of Indiana, Second District.

Feb. 25, 1986.

Transfer Denied May 23, 1986.

David F. Rees, Asst. Corp. Counsel, City-County Legal Div., Indianapolis, for appellant.

Donald F. Foley, Foley, Cutter and Abbott, Indianapolis, for appellee.

ON PETITION FOR REHEARING

BUCHANAN, Chief Judge.

McDonald's petition for rehearing raises several questions concerning our earlier opinion, which appeared as *Metropolitan Bd. of Zoning Appeals v. McDonald's Corp.* (1985), Ind.App., 481 N.E.2d 141, asserting in particular that we failed to address whether denial of a requested sign height variance constitutes denial of equal protection. We take this opportunity to expand upon our holding, and deny rehearing.

In its petition, McDonald's asserts that we misapprehended its claim that a denial of its requested sign height variance was an uncompensated taking and a denial of equal protection. We held that McDonald's failed to prove an unconstitutional taking occurred because there was no showing that the zoning ordinance prevented use of the property for any reasonable purpose. *See Metropolitan Bd. of Zoning Appeals v. Gateway Corp.* (1971), 256 Ind. 326, 268 N.E.2d 736. In addition, McDonald's argues that similarly situated businesses have received sign height variances because of obstructions. The denial of the variance, McDonald's asserts, is thus a denial of equal protection.

The question presented to the Board was whether a pre-existing building obstructed the view of McDonald's sign. Conflicting evidence on this issue was presented to the Board and later to the trial court. We therefore held that the Board's decision, that no obstruction existed, was proper. We also concluded that other evidence which was presented to the trial court was improper because it raised a new factual

question. Therefore, McDonald's did not establish that its restaurant was similarly situated with other businesses receiving sign height variances because it failed to prove that an obstruction existed. Stated differently, McDonald's argument fails because it did not present evidence to the Board which framed an equal protection question. *See id.*

Even if we assume, arguendo, that McDonald's established that its commercial sign was obstructed, the evidence which McDonald's offered was insufficient as a matter of law to prove that it was denied equal protection. "The mere fact that one property owner is denied a variance while others similarly situated are granted variances does not, in itself, suffice to establish that the difference in result is due either to impermissible discrimination or to arbitrary action." *Cowan v. Kern* (1977), 41 N.Y.2d 591, 595, 363 N.E.2d 305, 307, 394 N.Y.S.2d 579, 581. The Board is given broad discretion in granting variances, discretion which is not made more limited by its exercise. *Id.* Only in extreme cases, when the grant of variances is frequent and under similar circumstances, does the denial of a variance create an inference of unfair discrimination. *Id.*

McDonald's showed only that, since February 21, 1972, (the effective date of the tall sign ordinance) four variances have been granted on the basis of obstructions. *Record* at 214–69; *Appellee's Brief* at 6. Of these, one variance was initially denied by the Board and was granted only on the order of the Marion County Circuit Court. The grant of three or four sign height variances during the course of several years is not so frequent as to permit the inference that the Board arbitrarily denied McDonald's request for a variance. *Cf. Cowan, supra* (Area variance, requested for purpose of constructing house on substandard lot, was not arbitrarily denied when petitioner showed that two similarly situated landowners received variances.).

The petition for rehearing is denied.

SHIELDS, J., concurs.

NEAL, J. (sitting by designation), concurs.