THE LIGHT CO., INC. *v.* HOUGHTON ET AL.

[No. 20,385. Filed May 19, 1967. Rehearing denied June 7, 1967. Transfer denied October 3, 1967.]

*Roland Obenchain, Jr.* and *Douglas D. Seely, Jr.*, both of South Bend, for appellant.

*Joseph T. Helling, Daniel R. Morgan* and *William E. Mills,* all of South Bend, for appellees.

SMITH, J.—This cause was appealed to us from a St. Joseph Superior Court. The case originated before the South Bend Board of Zoning Appeals where the appellant, Herman Light, d/b/a The Light Company, Inc., sought a use variance relating to certain real estate. This land was zoned "A-residential" on August 14, 1964, but by action of the Board of Zoning Appeals, it also enjoyed a permissive use as a golf course. On the 27th day of August, 1964, the appellant, by its president, requested permission from the Board of Zoning Appeals to continue the operation of a home appliance business upon the subject property. The Board of Zoning Appeals, by unanimous vote, granted the appellant's request for a use variance to operate the appliance store. This variance was granted for a three year period.

Upon the granting of the above variance, the appellees Houghton and Barany petitioned the trial court for a writ of certiorari to be issued to the Board of Zoning Appeals pursuant to Burns Indiana Statutes, § 53-788. After issuance of the order to show cause, the trial court found that the Board of Zoning Appeals erred in granting a variance to The Light Company, Inc. for lands owned by it for the purpose of selling and servicing appliances on its premises for a period of three years.

The trial court based its decision upon the fact that no evidence was presented upon which a finding of unnecessary hardship could be based.

The pertinent statute defining the powers and duties of boards of zoning appeals, § 53-788, Burns' 1951 Replacement, reads as follows:

"The board of zoning appeals shall:

"1. Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforce-

ment of any ordinance or regulation adopted pursuant to sections 56 through 65 (§§ 53-756—53-766) of this act.

"2. Permit and authorize exceptions to the district regulations only in the classes of cases or in particular situations as specified in the ordinance.

"3. Hear and decide special exceptions to the terms of the ordinance upon which the board is required to act under the ordinance.

"4. Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The appellant's petition for a variance for the commercial use here involved was based upon the following grounds:

(1) To keep present personnel employed during the winter months.

(2) To earn enough money to keep up the payments on the mortgage until the golf course reached a self-sustaining basis.

The record contains evidence that the personnel involved could not be employed by The Light Company, Inc. at some other location if the variance were denied. We feel that the loss of such employment, however regrettable to the employees, is not a hardship which arises out of the application of the zoning ordinance.

There is further evidence that complete and successful operation of the golf course could not be attained because of difficulties in the installation of the sprinkler system; and because of this fact, the appellant is in financial difficulty.

The law is clear and definite in its declaration that financial or economic considerations cannot govern the granting of a variance. Nor can economic opportunity or loss enter into the determination of the existence of unnecessary hardship. Metsenbaum, *Law of Zoning*, Vol. 1, p. 769; 101 C. J. S. 1077; 168 A. L. R. 30.

Because a variance is relief granted from a literal and exact enforcement of a zoning ordinance, thereby permitting use of property in a manner otherwise forbidden by the terms of such ordinance or regulation, it should be strictly construed and granted only in cases of extreme hardship where the statutory requirements are present. *Board of Zoning Appeals* v. *American Fletcher Nat. B. & T. Co.* (1965), 139 Ind. App. 9, 205 N. E. 2d 322; *Kessler-Allisonville C. L.* v. *Marion County Bd. of Z. A.* (1965), 137 Ind. App. 610, 209 N. E. 2d 43; 101 C. J. S. 1037.

This cause does not involve an unnecessary hardship, and thus the trial court did not err in reversing the Board's decision to grant the use variance.

A Board of Zoning Appeals has the sole power within its discretion to vary a zoning ordinance, and its decision is reviewable by the courts ony for illegality in its proceedings. *Board of Zoning Appeals* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 145 N. E. 2d 302.

In cases wherein the proper circumstances exist for a use variance from the zoning ordinance, the Board may act; but such power to grant variances is strictly limited to situations provided by statute. Burns' Annotated Statutes, § 53-969; *Anderson Lumber & Supply Company* v. *Fletcher et al.* (1950), 228 Ind. 383, 89 N. E. 2d 449; *O'Connor et al.* v. *Overall Laundry, Inc., et al.* (1932), 98 Ind. App. 29, 183 N. E. 134; *Antrim et al.* v. *Hohlt et al.* (1952), 122 Ind. App. 681, 108 N. E. 2d 197.

The Board's decision will not be reversed if there is evidence to support it. The determination of the existence of an unnecessary hardship is governed by all the relevant factors which, when taken together, indicate that the property cannot reasonably be put to a conforming use because of limitations imposed upon it by the ordinance. It must also be shown that the land involved cannot yield

a reasonable return if used only for the allowed zoned purpose, and that the use authorized by the variance will not alter the essential character of the locality. *City of East Chicago, Indiana* v. *Sinclair Refining Co.* (1953), 232 Ind. 295, 111 N. E. 2d 459; *Nelson et al.* v. *The Board of Zoning Appeals, etc. et al.* (1959), 240 Ind. 212, 162 N. E. 2d 449; 101 C. J. S. *Zoning* 1054, § 285; Burns' Annotated Statutes, § 53-968.

Under the above requirements, we are of the opinion that there was no evidence of an unnecessary hardship to sustain the Board's decision, which must therefore be considered illegal.

Neither can the allowance of the activity herein concerned be justified as being only temporary, limited to a three year period. Temporary expediency in itself cannot be the reason for disregarding zoning statutes. The purpose of the restrictions applies to temporary as well as permanent uses. *Bordan* v. *City of Paterson* (1948), 1 N. J. 199, 62 A. 2d 680, 682.

Other procedural matters are assigned as error, but from our review of the record of the case, we are satisfied that none of them disclose errors which should cause a reversal of the trial court's decision.

Judgment affirmed.

Pfaff, P.J., Bierly and Cook, JJ. concur.

NOTE.—Reported in 226 N. E. 2d 341.