McCLURG, ET AL. *v.* CARTE, INC., ET AL.

[No. 270S38. Filed October 16, 1970. No petition for rehearing filed.]

*George H. Tripp,* of Richmond, for appellants.

*George R. Reller, Reller, Mendenhall, Kleinknecht & Milligan,* of Richmond, for appellees.

ARTERBURN, J.—This is an appeal from an action to vacate streets and public grounds in the City of Richmond, Indiana. The petitioners are all the abutting property owners on the streets and public grounds proposed to be vacated and are all those persons particularly interested therein. The appellants are the remonstrators, who are owners of other property in the addition. The trial court, after hearing the remonstrators, entered judgment vacating said streets and public grounds involved.

Appellants, the remonstrators below, contend that none of the petitioners testified that the petitioners "desired" to vacate the streets and public grounds in question. In our opinion this is a rather frivolous contention in view of the fact that petitioners in their petition brought the proceedings and requested that the particular streets and public grounds be vacated. It would be rather preposterous for this Court to assume they did not desire to do what they were petitioning a court to do. Additionally we point out that the remonstrators did not deny that the petitioners desired to have the streets and public grounds vacated.

Appellants, remonstrators below, next contend that the statute was not followed in the giving of notice to the "owners of abutting land" affected by the vacation proceedings. Burns' Indiana Stat. Anno. § 48-903.

The statute provides that the petitioners shall provide the clerk with the names, addresses, copies of notice, and postage for the purpose of notifying such abutting landowners. However, in this case it so happens that the petitioners are all of the abutting landowners, and it

would be a futile, useless, and superfluous act for the petitioners to notify themselves of what they were doing in court. We find no merit whatever in such a contention. The parties interested were all in court by their own wishes and acts. The requirement of the notice is to give interested abutting property owners the right and opportunity to claim damages and have the same fixed. In this case no claims for damages were made.

It is next urged that the petitioners failed to prove by a preponderance of the evidence that "justice" required the vacation of the streets and public grounds in question. Burns' Indiana Stat. Anno. § 48-903. "Justice", as used in the statute, is not defined other than those grounds set forth for a remonstrance under Burns' § 48-904, namely:

"*Remonstrance—Contents.*—When in any proceeding for the vacation of any street, alley, or part thereof, or other public ground, or of any block or blocks of lots, remonstrance is permitted to be made, any person or persons feeling himself or themselves aggrieved by the proposed vacation may remonstrate in writing upon any one [1] or more of the following grounds and no other, to wit:

First. Because such addition, subdivision or part thereof, or street or alley therein, or other public ground, so sought to be vacated is necessary to the growth of the town or city in which the same is situated or which the same adjoins.

Second. That the proposed vacation will leave the real estate of the remonstrant or remonstrants, within any such town or city, without ingress or egress by means of a public way or street.

Third. That such vacation will cut off the public's access to some church, school or other public building or grounds."

The evidence in this case, presented upon the hearing on the remonstrance, showed that the streets and public grounds asked to be vacated had been dedicated for public use in 1926 and that said streets and public grounds asked to be vacated had, during the last forty years, not been opened, used, or improved as public streets and property and were, in fact,

still vacant land. The evidence further shows that the City of Richmond did not object to the proposed vacation. The city engineer and a director of the parks department testified in favor of the petitioners. Testimony was presented by the petitioners to the effect that the land proposed for vacation was not necessary to the growth of the City of Richmond. There was testimony to the contrary presented by the remonstrators. In our opinion the petitioners' evidence was clear and sufficiently convincing to warrant the trial court in vacating the land in question. Had the City of Richmond been actively resisting this petition and come in with affirmative evidence, the trial court would have had a more difficult problem. However, such was not the case. In successfully resisting the grounds of remonstrance, the petitioners have shown the "justice" of their petition and have made a case under the statute. Where there is substantial evidence to support the finding of the trial court, we are not warranted in changing the result.

Finally, it is urged that the City of Richmond had adopted a "Comprehensive Master Plan" which required the approval of the Richmond Plan Commission before a street could be vacated. There is, however, no evidence in the case other than the statement in the brief of the appellants that any such ordinance was adopted by the City of Richmond. There is some reference in the testimony that a witness participated in "the development" of a comprehensive plan, but there is no evidence that it was ever adopted and became legally effective. There is an established procedure by which municipal ordinances may be proved and placed in evidence. There was no attempt to do that in this case. This Court does not take judicial notice of city ordinances. *Indianapolis Traction and Terminal Co.* v. *Hensley* (1917), 186 Ind. 479, 115 N. E. 934; *Rainey* v. *City of Indianapolis* (1946), 224 Ind. 506, 68 N. E. 2d 545; 20 I.L.E., Municipal Corporations, § 61.

The judgment of the trial court is affirmed.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 262 N. E. 2d 854.