THE TOWN OF NEWBURGH, INDIANA; BOARD OF ZONING APPEALS OF THE TOWN OF NEWBURGH, INDIANA *v.* JOHN M. STEPHENSON ET AL.

[No. 1-174A8. Filed September 30, 1974.]

*Dennis J. Dewey,* of Newburgh, *John D. Clouse,* of Evansville, *Bates Ewers and Davis,* of Evansville, for appellants.

*P. Michael Mitchell, Cox & Mitchell,* of Evansville, for appellees.

ROBERTSON, P.J.—This is an appeal by the defendant-appellant (Jones) from a ruling by the Warrick Circuit Court which granted a writ of certiorari filed by petitioner-appellee (Stephenson) and reversed the decision by the Newburgh Board of Zoning Appeals granting a variance.

Jones cites the following errors:

(1) The Court should not have reversed the decision of the Board of Zoning Appeals since the decision was supported by substantial evidence;

(2) The Court should have sustained his motion to dismiss since there was another action pending on the same subject between the same parties in the same court;

(3) The Court erred in its findings of fact and conclusions of law.

We affirm.

Jones petitioned the Board of Zoning Appeals for a variance to grant him a commercial use in a residential district. The Board granted the variance. Stephenson filed a petition for a writ of certiorari with the Warrick Circuit Court contending that the Board's decision was in violation of the Newburgh Zoning ordinance. The Court granted the writ, reversed the decision and remanded the matter to the board to either reconsider said variance and deny same, or in the alternative,

to make specific findings of fact required by the town ordinance and state statutes.

The Board reheard the matter, made a complete transcript of the hearing and again granted the variance. Stephenson then filed another petition for a writ of certiorari. The Court again granted the writ and reversed the grant of the variance.

Jones first contends that the Board's decision was supported by substantial evidence and should not have been reversed.

A Board of Zoning Appeals has the sole power within its discretion to grant a variance to a zoning ordinance. *Light Co., Inc.* v. *Haughton, et al.* (1967), 141 Ind. App. 93, 226 N.E.2d 341; *Board of Zoning Appeals* v. *Waintrop* (1935), 99 Ind. App. 576, 193 N.E. 701; *Metropolitan Board of Zoning Appeals* v. *Rumple* (1973), 261 Ind. 214, 301 N.E.2d 359; *Fryer* v. *City of New Albany* (1963), 135 Ind. App. 454, 194 N.E.2d 417.

However, this power is limited by the provisions in that ordinance. *Nelson* v. *Board of Zoning Appeals* (1959), 240 Ind. 212, 162 N.E.2d 449; *Light Co.* v. *Haughton* (1967), 141 Ind. App. 93, 226 N.E.2d 341; *Metropolitan Development Commission* v. *Camplin* (1972), 153 Ind. App. 622, 288 N.E. 2d 569.

The Newburgh Zoning Ordinance contained the following:
"Under no circumstances may the Board grant a variance to allow a use not permitted in Article 3¹ of this ordinance in the district involved."

The action of the board in granting Jones a commercial use in a residential district was in direct conflict with this provision.

Thus, irrespective of Jones' contention that the board's decision was supported by sufficient evidence, the decision was prohibited by the terms of the ordinance. The trial court was therefore correct in reversing the grant of the variance.

1. Article 3 permits the following uses: rest and nursing homes, mortuaries, non-profit clubs, lodges, fraternal associations, and hospitals. Jones' intended use did not fall into any of these uses.

Jones next contends that the court erred in overruling his motion to dismiss.

His contention is based on the following proceedings below.

Stephenson filed a petition for certiorari with the circuit court. The court granted the petition, reversed the proceedings and remanded the case to the board with instructions to either deny the variance or follow the statutory requirements. In accordance with the court's order, the Board reconsidered the case and again granted the variance.

Stephenson then filed another petition for certiorari to review the second decision of the board. Jones made a motion to dismiss which was overruled.

Jones contends that the motion to dismiss the second petition for certiorari should have been granted for two reasons; res judicata and Trial Rule 12(B)(8). He argues that res judicata was a bar to the second action since the matter had been fully decided in the first action. It is clear, however, that the issues on the merits were not determined. The court remanded the case to the board for further proceedings. Upon the board's decision to again grant the variance, Stephenson followed the only remedy available to him under the applicable statutes; a petition for certiorari. Res judicata would not bar that remedy in this case. See, *Wright* v. *Kinnard* (1970), 147 Ind. App. 484, 262 N.E.2d 196.

As for Trial Rule 12(B)(8), it states, "The same action pending in *another* state court of this state." Such is not the case here.

Jones next contends that the Court erred in its finding of fact No. 10.

"10. That the allegation set forth in this petitioner's petition are found to be true."

He complains that the finding merely recites a conclusion. However, in light of the rest of the findings and the reference to the petition finding No. 10 is sufficient.

Jones finally contends that the Court erred in failing to make and enter conclusions of law. Trial Rule 52(a) states, "The court shall make special findings of fact without request . . . (2) in any review of actions by an administrative agency." However, the rule does not require that the trial court make conclusions of law. The Study Commission comments to Trial Rule 52(A) specifically state that the rule eliminates any requirement that the Court make conclusions of law. *Accord, In Re Adoption of Graft* (1972), 153 Ind. App. 546, 288 N.E.2d 272.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 316 N.E.2d 855.