Susan R. SCHENKEL, Ruth J. Bowser, et. al., Appellants (Petitioners Below),

v.

ALLEN COUNTY PLAN COMMISSION and the Aboite Corporation, Appellees (Respondents Below).

No. 3-679A172.

Court of Appeals of Indiana, Third District.

July 14, 1980.

Robert L. Thompson, Jr., John C. Koryl, Peebles, Thompson, Rogers & Hamilton, Fort Wayne, for appellants.

George E. Fruechtenicht, Thomas M. Gallmeyer, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, Paul C. Raver, Sr., Raver, Federoff & Lowenstein, Fort Wayne, for appellees.

STATON, Judge.

In April of 1978, the Aboite Corporation filed preliminary plats and development plans with the Allen County Plan Commission wherein it detailed the proposed establishment of subdivisions to be named "Copper Hill" and "Oak Borough." According to the plans, the subdivisions were to occupy adjacent land parcels and constituted Aboite's schematic components for the development of an area it described as "Coventry." Construction in the area was to occur in phases; ultimate completion of the Coventry project was estimated to require ten years. Following a public hearing on the twin proposals, the Plan Commission approved the preliminary plats and accompanying development plans.

Thereafter, Aboite filed its final plat and development plan for "Section 1" of the proposed "Copper Hill" subdivision. The Plan Commission held a public hearing on the final proposal and voted to approve the plat and development plan for Section 1 of Copper Hill.

Landowners adjoining the area encompassed by the subdivisions then filed two separate Petitions for Writs of Certiorari in the Allen Circuit Court. In one petition, the landowners challenged the Commission's approval of the preliminary plats and development plans; in the other, the landowners questioned the Commission's approval of the final plat and development plan for Section 1 of "Copper Hill." The Allen Circuit Court issued the Writs and consolidated the two causes. Following its examination of the evidence presented to

the Plan Commission, the Court granted co-respondents' (Aboite and the Plan Commission) Motion to Dismiss the causes.

Landowners here appeal from that decision. Among the issues raised for our consideration are the following:[1]

(1) Whether the trial court erred when it failed to remand the causes to the Plan Commission for a statement of the findings of fact upon which the Commission's decision was based?

(2) Whether the trial court erred when it failed to state its findings of fact?

(3) Whether the trial court erred in its conclusion that the evidence was sufficient to justify the Commission's decision?

The trial court is affirmed in part and reversed in part. The court's dismissal of the challenge to the Commission's approval of the *preliminary* plats and plans is affirmed. That decision lacks the element of finality necessary to ripen it for judicial review. The trial court's dismissal of the challenge to the Commission's approval of the *final* plat and plan is reversed, and that cause is remanded to the trial court for findings of fact.

## I.

### Preliminary Plats and Plans

We note at the outset that the applicability of the doctrine of finality as a bar to judicial review of the Commission's approval of the preliminary plats and plans was not raised by the parties on appeal. Nevertheless, it is incumbent upon this Court to invoke the import of the doctrine, for we are required to affirm the action of the trial court if it is sustainable on any theory. *Indiana & Michigan Electric Company v. Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436, 439; *Lewis v. Burke* (1968), 143 Ind. App. 696, 242 N.E.2d 382.

Judicial review of actions taken by Plan Commissions is governed by IC 1971, 18–7–5–57, Ind.Ann.Stat. § 53–755 (Burns Code Ed.),[2] which reads in pertinent part:

"A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal of zoning cases from the decision of the board of zoning appeals."

Our concern here is focused on what constitutes a "decision" for purposes of the statute.

Generally, Plan Commissions are empowered by the provisions of IC 1971, 18–7–5–28(7) & (8), Ind.Ann.Stat. § 53–728 (Burns Code Ed.),[3] to make two types of determinations: (1) "recommendations", and (2) "decisions". As the terms imply, "recommendations" occur in those areas of local zoning machinations wherein the Com-

---

1. Appellees have argued in their brief that this Court does not have jurisdiction to address issues 1 and 3. Their contention is based on the claim that in those issues, appellants Schenkel and Bowser attempt a "direct" appeal from the Plan Commission to this Court; appellees correctly state that a direct appeal to this Court from an administrative body is not permitted absent statutory authorization. *Financial Aid Corporation v. Wallace* (1939), 216 Ind. 114, 23 N.E.2d 472, 475.

As explained in the text, *supra*, Schenkel and Bowser have in fact prosecuted their appeal from the Allen Circuit Court, where, consistent with governing statutory procedures, they initially sought review of the Commission's decisions. Appellees' argument that this Court lacks jurisdiction is apparently predicated upon the manner in which appellants Schenkel and Bowser have framed the issues on appeal. In appellants' brief, issues 1 and 3 are stated in terms of whether the Plan Commission's ac-

tions are erroneous rather than in terms of whether the trial court erred in its review of those actions; notwithstanding its imprecise "Statement of the Issues", appellants have argued the issues in accordance with the posture in which the questions actually arise before this Court: as an appeal from the trial court's decision. We have so stated the issues presented by appellants; we decline appellee's apparent suggestion that we elevate form over substance to deny appellants the jurisdiction of this Court.

2. Repealed effective April 6, 1979, by Acts 1979, P.L. 178 § 164. A substantially verbatim version of the statute was re-enacted by the legislature within the provisions of IC 1971, 18–7–4–1016 (Burns Code Ed. Supp. 1979).

3. Repealed effective April 6, 1979, by Acts 1979, P.L. 178 § 164. *See* IC 1971, 18–7–4–401 and 405 (Burns Code Ed. Supp.1979).

mission serves only an advisory function, "decisions" are made by the Commission when it acts in matters where—by statute—it enjoys ultimate authority. *See* generally, *Wildwood Park Community Ass'n v. Fort Wayne Plan Comm'n* (1979), Ind.App., 396 N.E.2d 678, 686–80 (Petition for transfer pending). Being advisory in nature, recommendations lack the element of finality necessary to judicial review; a complainant cannot suffer actual harm until the administrative process is consummated and the zoning order is finalized. *Downing v. Board of Zoning Appeals of Whitley Co.* (1971), 149 Ind.App. 687, 274 N.E.2d 542, 545.

For that reason, our legislature wisely excluded recommendations from the scope of matters within the subject matter jurisdiction of the courts. IC 1971, 18–7–5–57, *supra; City Plan Com'n, City of Hammond, Lake Cty. v. Pielet* (1975), 167 Ind.App. 324, 338 N.E.2d 648, 650; *McGraw v. Marion County Plan Commission* (1961), 131 Ind. App. 686, 174 N.E.2d 757, 760. Only "decisions", being final in nature, were made susceptible to judicial review.

The scope of matters wherein Plan Commissions exercise ultimate authority is detailed in subsection eight (8) of IC 1971, 18–7–5–28, *supra*. There, the legislature granted Plan Commissions the following powers:

"(8) To render decisions concerning and to approve:

"(a) plots or replots of subdivisions;

"(b) development plans for residential, commercial and industrial uses."

Pursuant to subsection eight (8), the approval of the preliminary plats and development plans for "Copper Hill" and "Oak Borough" rested within the exclusive province of the Allen County Plan Commission. Ostensibly, its decisions to approve the preliminary schemes are subject to judicial review under the provisions of IC 1971, 18–7–5–57, *supra*.

We conclude, however, that the Commission's approval of the preliminary plats and plans is not amenable to judicial review. Under Allen County's zoning scheme—as this case readily indicates—construction of the contemplated subdivisions could not begin until the two-step administrative process culminated in the Commission's approval of Aboite's *final* plats and accompanying development plans. Until that contingency is satisfied, the right of Aboite to construct its proposed subdivisions remains undetermined and appellants Schenkel and Bowser can suffer no actual harm. Were this Court to review the Commission's preliminary and tentative approval of the subdivisions, we would only needlessly delay the administrative process. *Downing v. Board of Zoning Appeals of Whitley Co.* (1971), 149 Ind.App. 687, 274 N.E.2d 542, 545.

We thus refuse to invoke a literal application of the statutory term "decision", as it appears in IC 1971, 18–7–5–28(8) and 18–7–5–57, *supra*. While a Plan Commission's approval of a preliminary plat and plan is a "decision" within the letter of IC 1971, 18–7–5–28(8), *supra*, it cannot be said to constitute a "decision" within the purpose and spirit of IC 1971, 18–7–5–57, *supra*. Just as our Courts are reluctant to review the interim steps of an administrative body, so did our legislature intend judicial review to be limited to those determinations which represent a consummation of the administrative process. *Id.*

We are not without support for our conclusion. In *Downing v. Board of Zoning Appeals of Whitley Co., supra*, the Court was confronted with a request to review a preliminary determination of a Board of Zoning Appeals which, as here, had neither settled the controversy at issue nor affected the substantive rights of the parties before the Board. The Court refused to review the Board's preliminary decision on the basis that the determination lacked the finality which the legislature intended by its inclusion of the term "decision" within IC 1971, 18–7–5–87, Ind.Ann.Stat. § 53–783 (Burns Code Ed.), the statute governing judicial review of actions taken by Boards

of Zoning Appeals.[4] The legislature has expressly indicated its intent that the procedural processes for the review of actions taken by Plan Commissions and Boards of Zoning Appeals be identical. IC 1971, 18–7–5–57, *supra*. We conclude, as did the Court in *Wright v. Marion County Plan Commission* (1960), 130 Ind.App. 203, 163 N.E.2d 259, 262, that the legislature's intent to establish identical review procedures encompasses the substantive aspect of subject matter jurisdiction necessary to obtain judicial review.

The trial court did not err in dismissing appellants' petition directed at the Commission's approval of the various preliminary plats and accompanying development plans; those decisions lack the finality necessary to ripen them for judicial review. The same cannot be said, however, of the Commission's decision to approve the final plat and development plan for Section 1 of the proposed "Copper Hill" subdivision.[5]

II.

Approval of Final Plat

In IC 1971, 18–7–5–49, Ind.Ann.Stat. § 53–747 (Burns Code Ed.), our legislature defined the prerequisites to approval of a subdivision plat. The statute reads in pertinent part:

"18–7–5–49 [53–747]. Provisions of plat necessary for approval—Specifications by commission.—In determining whether an application for approval shall be granted, the commission shall determine if the plat provides for:

"1. Coordination of subdivision streets with existing and planned streets or highways.

"2. Coordination with and extension of facilities included in the master plan.

"3. Establishment of minimum width, depth, and area of lots within the projected subdivision.

"4. Distribution of population and traffic in a manner tending to create conditions favorable to health, safety, convenience, and the harmonious development of the city or county.

"5. Fair allocations of areas for streets, parks, schools, public and semi-public buildings, homes, utilities, business and industry.

"As a condition of approval of a plat the commission may specify:

"1. The manner in which streets shall be laid out, graded and improved.

"2. Provisions for water, sewage, and other utility services.

"3. Provision for schools.

"4. Provision for essential municipal services.

"5. Provision for recreational facilities."

Appellants Schenkel and Bowser contend that the evidence is insufficient to establish that the proposed subdivision will have: (1) adequate water and sewage service, (2) adequate roads, and (3) adequate educational facilities.[6]

■ We do not reach the merits of appellants' contention that, in these three re-

---

4. The Court's conclusion in *Downing* was predicated on federal case law, as well as Indiana decisions concerning the meaning of the term "decision" as it appears in the Administrative Adjudication Act, IC 1971, 4–22–1–14 Ind.Ann. Stat. § 63–3014 (Burns Code Ed.). In *State v. McCord* (1962), 243 Ind. 626, 189 N.E.2d 583, the Court held that the general language "any order or determination" contained in the Act connoted only final administrative decisions.

5. Notwithstanding an order that causes be consolidated, each cause retains its separate identity. 3 W. Harvey, *Indiana Practice* § 42.1 p. 249 (1970), *citing Zdanok v. Glidden Co., Durkee's Famous Foods Div.* (C.A.2d 1964), 327 F.2d 944; *Koenig v. Frank's Plastering Co.* (D.C. Neb.1964), 227 F.Supp. 849.

6. Appellees have argued in their brief that appellants Schenkel and Bowser have waived their right to have this Court consider the attack on the sufficiency of the evidence, as well as appellants' claim that the trial court erred when it failed to remand the cause to the Plan Commission for findings of fact. Appellees' contention is based on the failure of Schenkel and Bowser to introduce into evidence the Allen County Zoning Ordinances upon which the allegations of error are—*in part*—predicated. It is true, as appellees have argued, that this Court cannot take judicial notice of local zoning ordinances. *McClurg v. Carte, Inc.* (1970), 255 Ind. 110, 262 N.E.2d 854, 856; *Elmore v. City of Sullivan* (1978), Ind.App., 380 N.E.2d 108, 110. Consequently, if Schenkel and Bowser's allegations were predicated solely on the

spects, the evidence is insufficient to establish the conformity of "Section 1–Copper Hill" with the requirements of IC 1971, 18–7–5–49, *supra.* We are unable to engage in an informed and intelligent review of the evidence because—as Schenkel and Bowser have also argued—neither the Plan Commission nor the trial court made findings of fact to support their conclusions of law. In both instances, the omission constitutes error.

■ The Plan Commission, like other administrative bodies, has a duty to state the findings of fact upon which its decision is predicated. *Hawley v. South Bend Dept. of Redevelopment* (1978), Ind., 383 N.E.2d 333, 336, *Kunz v. Waterman* (1972), 258 Ind. 573, 283 N.E.2d 371, 373; *Carlton v. Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N.E.2d 337, 344; *Yunker v. Porter County Sheriff's Merit Bd.* (1978), Ind.App., 382 N.E.2d 977, 982. The fact-finding requirement rests on sound judicial policy. As explained in *Carlton v. Board of Zoning Appeals, supra*, the requirement serves at least five important purposes:

(1) to facilitate judicial review;

(2) to avoid judicial intrusion into the administrative fact-finding process;

(3) to aid parties in the preparation of their case for judicial review;

(4) to assure careful consideration of the facts by administrative bodies; and

(5) to insure that administrative bodies remain within their jurisdiction.

252 Ind. at 66, 245 N.E.2d at 344. *See also, Kunz v. Waterman, supra; Yunker v. Porter County Sheriff's Merit Bd., supra.*

Our Courts, while insistent on adherence to the fact-finding requirement, have recognized that an administrative body's failure to state its findings of fact is not necessarily grounds for reversal of its decision. *Department of Financial Inst. v. State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248, 252; *Yunker v. Porter County Sheriff's Merit Bd., supra*, at 983. Rather, noncompliance with the fact-finding requirement will generally warrant only a remand of the cause to the administrative body so that it might correct its omission.[7] *Id.* Once sup-

---

local zoning ordinances, we would agree with appellees that the alleged errors would have been waived. However, those allegations of error also rest on the claim that the Commission's action violated IC 1971, 18–7–5–49, Ind. Ann.Stat. § 53–747 (Burns Code Ed.), wherein our legislature established minimum prerequisites for the approval of subdivision plats. Consequently, insofar as Schenkel and Bowser's claims of error rest on the statute, the issues are not waived.

7. Although not cited by either party in their briefs, we are aware that in *Hawley v. South Bend Dept. of Redevelopment, supra*, the Court held that it was not necessary to remand the cause to the administrative body for findings of fact. That conclusion was based on the fact that a full transcript of the hearing held before the administrative body was presented to the trial court; the Court stated that the error in failing to make findings of fact was harmless, since the trial court had "no problem" in its review of the administrative action because of the "ample record" before it.

Inasmuch as the Court did not expressly overrule the legions of cases wherein our Courts have emphasized and enforced the fact-finding requirement, we conclude that the Court's decision was limited to the facts before it. At least

one commentator has reached a similar conclusion:

"The court's action in not remanding for specific findings seems inconsistent with its earlier statement in the same opinion that findings of fact are required ' "so that this Court may intelligently review that specific decision without speculating as to the Board's reasoning.' " In the context of the entire opinion, however, this action was proper because there appears to have been no evidence contrary to a finding of urban blight, and the opponents of the project basically attacked the admissibility of evidence, alleged procedural irregularities, and argued that the applicable statutory conditions had not been met. All arguments failed." (Footnote omitted.).

Greenburg, *Survey, Administrative Law*, 13 Ind.L.R. 39, 51 (1980).

Here, unlike in *Hawley*, we are confronted with a challenge to the evidentiary basis for the conclusions that the roads, water and sewage services, and educational facilities proposed would be adequate to serve the contemplated subdivision. These questions involve technical matters not generally within the common knowledge of our courts; the evidence submitted with respect to these issues was in conflict. Here, unlike in *Hawley*, the trial court

plied, the findings provide a basis for sound judicial review by alleviating the need for speculation by a court, whose understanding of the subject matter at issue invariably falls short of that gained by the administrative body from its experience and study in the field.

Here, the trial court erred when it failed to remand the cause to the Plan Commission for a statement of its findings of fact. *Department of Financial Inst. v. State Bank of Lizton, supra; Carlton v. Board of Zoning Appeals, supra; Yunker v. Porter County Sheriff's Merit Bd., supra.*

The trial court also erred in failing to enter any findings of fact to support its conclusion that the Plan Commission's decision was supported by the evidence. Ind. Rules of Procedure, Trial Rule 52(A)(2);[8] *Farmers State Bank, LaGrange v. Department of Fin. Insti.* (1976), Ind.App., 355 N.E.2d 277, 279, *Baker v. American Metal Climax, Inc.* (1976), 168 Ind.App. 445, 344 N.E.2d 73, 79, *Town of Newburgh v. Stephenson* (1974), 161 Ind.App. 597, 316 N.E.2d 855, 857. The requirement, not unlike the similar duty imposed on administrative bodies, facilitates this Court's review by obviating the need for speculation as to the factual basis for the trial court's decision. *Farmers State Bank, LaGrange v. Department of Fin. Insti., supra.*

The judgment of the trial court in cause "CC–78–1466", which concerned the final plat for "Section 1–Copper Hill", is reversed. The cause is remanded to the trial court with the directive that the cause be referred to the Plan Commission so that the Commission may make a written statement of its findings of fact. The judgment of the trial court in cause "CC–78–933", which concerned the Commission's approval of the preliminary plats, is affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.

---

should not be left to speculate as to the import of the evidence, nor should it be placed in the position where it inevitably must re-weigh the evidence. Rather, the court should have the benefit of the Commission's factual analysis, for that body acts with peculiar knowledge and understanding of the technical matters at issue.

8. TR. 52(A)(2) reads:

"The court shall make special findings of fact without request

"(2) in any review of actions by an administrative agency; . . . ."

Appellees have contended that inasmuch as the Administrative Adjudication Act (IC 1971, 4–22–1–1 et seq., Ind.Ann.Stat. § 63–3001 et seq. (Burns Code Ed.)) does not govern the review of actions taken by local Plan Commissions, the trial court was not required to make findings of fact. The court's duty to make findings of fact did not, we agree, arise by virtue of IC 1971, 4–22–1–18, Ind.Ann.Stat. § 63–3018 (Burns Code Ed.); rather, it arose under TR. 52(A)(2) and general principles of administrative law. *Yunker v. Porter County Sheriff's Merit Bd., supra; Town of Newburgh v. Stephenson, supra.*