David M. WHITESELL and Richard
Whitesell, Appellants
(Petitioners Below),

v.

KOSCIUSKO COUNTY BOARD OF ZON-
ING APPEALS, et al., and Kosciusko
County Area Plan Commission, et al.,
Appellees (Respondents Below).

No. 43A04–8905–CV–195.

Court of Appeals of Indiana,
Fourth District.

Aug. 21, 1990.

David M. Whitesell, Warsaw, for appel-
lants.

Michael W. Reed, Reed & Earhart, War-
saw, for appellees.

CHEZEM, Judge.

### Case Summary

Appellants, David and Richard Whitesell, appeal the trial court's denial of their petition for writ of certiorari which sought a reversal of two Kosciusko County Board of Zoning Appeals decisions. We affirm.

### Issues

The Whitesells raise six (6) issues which we restate as one:

Whether the decision of the Kosciusko County Board of Zoning Appeals, which was affirmed by the Kosciusko Circuit Court, was supported by sufficient findings of fact.

### Facts

The Whitesells own approximately forty-three (43) acres of real estate, zoned residential under the zoning ordinance, in Kosciusko County, Indiana.

The Whitesells submitted an application for subdivision plat approval and a petition for special exception for a planned unit development for manufactured housing subdivision to the Kosciusko County Board of Zoning Appeals (BZA) on March 18, 1988. The Kosciusko County Subdivision Control Ordinance provides that upon submission of a petition for a planned unit development, the BZA shall refer the petition to the Kosciusko County Area Plan Commission (Plan Commission) for review and approval.

On April 12, 1988, the BZA referred the Whitesells' request for approval of the plat for a planned unit development to the Plan Commission. On May 4, 1988, the Plan Commission held a public hearing on the preliminary plat approval for a planned unit development subdivision for manufactured housing; at the hearing's conclusion, the petition was tabled and continued to June 1, 1988, for further action. At that time, the public hearing was not reopened; however, at the conclusion of the hearing, the Plan Commission voted to deny preliminary plat approval. The Whitesells appealed the Commission's decision denying approval of the preliminary plat for a planned unit subdivision on July 20, 1988; at the same time, the Plan Commission, as re-quired, referred the Whitesells' preliminary plat to the BZA for final approval.

On August 9, 1988, at the final hearing, the BZA affirmed the decision of the Plan Commission denying preliminary plat approval, case number 8805A. The BZA further denied the Whitesells' petition for exception for a planned unit development in a residential district, case number 8859E. On February 7, 1989, the Kosciusko Circuit Court, in response to the Whitesells' petition for writ of certiorari, entered judgment affirming the BZA's denial of the preliminary plat approval for a planned unit development for manufactured housing and of the petition for special exception.

### Decision

■ The trial court may examine a board's decision to determine if it was incorrect as a matter of law. *Metropolitan Bd. of Zoning Appeals v. Gunn* (1985), Ind.App., 477 N.E.2d 289. However, it may neither conduct a trial de novo nor substitute its decision for that of the board. *Id.* Unless the decision is illegal, the decision must be upheld. *Boffo v. Boone County Board of Zoning Appeals* (1981), Ind.App., 421 N.E.2d 1119. On appeal, we are restricted by the same considerations. *Metropolitan Bd.* at 294. In essence, an abuse of discretion standard applies. *Boffo,* supra.

The Whitesells first argue that the Plan Commission had a duty to adopt specific findings of fact regarding its denial of the preliminary plat for a planned unit development for manufactured housing.

■ The Whitesells are correct in that plan commissions have a duty to state the findings of fact upon which their decisions are based. However, the duty arises only when the decision is final and appealable. *Schenkel v. Allen Cty. Plan Com'n* (1980), Ind.App., 407 N.E.2d 265, 268 (under Allen County's zoning scheme, the Plan Commission was responsible for approval of the final plats).

■ The Kosciusko County Area Plan Commission and Board of Zoning Appeals Rules of Procedure (Rules of Procedure)

require that a petitioner first file his petition for planned unit development plat approval with the BZA, which must then refer the petition to the Plan Commission for review and approval. Once the Plan Commission completes the review procedures, it returns the petition, copies of the preliminary plat, and any restrictions to the BZA. The BZA then conducts a public hearing, after which it decides whether to approve the petition; if the petition is approved, it is certified on the final plat.

Here, the Plan Commission denied preliminary approval of the plat, and Whitesells appealed this decision to the BZA. It is the BZA's decision affirming the Plan Commission's denial which is final and subject to review on certiorari. *Id.* Although the Plan Commission informed the Whitesells at the June 1, 1988 meeting of the reasons why the petition was denied, it was not required to state the findings upon which their decision was based.

■ The Whitesells next argue that the BZA erred when it denied their request for special exception. The Whitesells neither present cogent discussion nor cite relevant authority to support their argument; therefore, the issue is waived. Ind.Appellate Rule 8.3(A); *See also, Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 80; *Baesler's Super–Valu v. Indiana Commissioner of Labor* (1986), Ind.App., 500 N.E.2d 243, 249. Notwithstanding, a review of the Rules of Procedure and the BZA's action with respect to the request reveals no error.

■ Next, the Whitesells argue that the standard used by the BZA in denying their petition for a planned unit development was not specific or concrete. Specifically, the Whitesells contend that the BZA should not have utilized Sections 318.3 and 508.3 of the Kosciusko County Zoning and Subdivision Control Ordinance, which provide that "[p]roperties adjacent to the unit plan shall not be adversely affected," in making its decision. The Whitesells cite *Tippecanoe County Area Etc. v. Sheffield Dev'rs* (1979), Ind.App., 394 N.E.2d 176 and *Johnson County Plan Com'n v. Ramshead*

*Corp.* (1984), Ind.App., 463 N.E.2d 295, in support of their argument.

*Tippecanoe* and *Johnson* are inapposite. *Tippecanoe* did not involve a planned unit development. Further, the ordinances there contained no measurable standards. Here, Sections 318 et seq., and 508 et seq., adequately specify the standards which the Plan Commission and BZA utilize in rendering their decisions. In *Johnson*, the applicable ordinance did not require that plan commission to consider the effects of a planned unit development on adjacent properties. Thus, consideration of evidence relating to the effect upon adjacent properties was improper.

The record does not support the Whitesells' contention that the proposed preliminary plat met all of the technical requirements of the Ordinance. The BZA did not err.

We note that the Whitesells raised as a sub-issue, "[d]oes the Area Plan Commission, in the event of disapproval of a preliminary plat based upon lot size, have the burden of stating the specific size of lots that would be approved?" However, the Whitesells presented no argument on this sub-issue in their brief; accordingly, it is waived. App.R. 8.3(A)(7).

Lastly, the Whitesells contend that the Plan Commission rejected their preliminary plat for a planned unit development because the project involved manufactured housing. The Whitesells' contention is without merit. The Plan Commission specifically stated its decision was not based on the fact that the Whitesells' proposal was to include manufactured housing.

Affirmed.

HOFFMAN, P.J., and CONOVER, J., concur.