Rudolph CLAY, Appellant Intervenor,

and

Anna A. Anton, Ex Officio Member, Roger Chiabai, Chairman, Joseph Allegretti, John Bierman, Jewel Harris, Individually and as Members of the Lake County Board of Elections and Registration, and Lake County Board of Elections and Registration, Appellants–Defendants,

v.

Epifanio MARRERO, Appellee–Plaintiff.

No. 45A03–0203–CV–93.

Court of Appeals of Indiana.

May 2, 2002.

Publication Ordered May 29, 2002.

Dock McDowell Jr., Cynthia A. Minor, McDowell Law Firm, Merrillville, IN, Attorneys for Appellant Rudolph Clay.

J. Justin Murphy, Hammond, IN, Attorney for Appellant Lake County Board of Elections and Registration.

Frederick T. Work, Frederick T. Work & Associates, Gary, IN, Attorney for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-intervenor Rudolph Clay ("Clay") and appellant-defendant Lake County Board of Elections and Registration ("the Board") (collectively, "Appellants")[1] appeal the trial court's reversal of the Board's decision that appellee-plaintiff Epifanio Marrero ("Marrero") is ineligible to appear on the primary election ballot as a Democratic candidate for Lake County Commissioner. We reverse.

### Issue

Appellants raise two issues on appeal, which we consolidate and restate as whether the trial court's reversal of the Board's decision was clearly erroneous.

### Facts and Procedural History

On February 22, 2002, Marrero filed a declaration of candidacy for primary nomination for the office of Lake County Commissioner, in which he declared under oath, *inter alia*, that he resided in Lake

---

1. The individual members of the Board are not parties to this appeal.

County, Indiana. On March 1, 2002, Clay challenged Marrero's candidacy, alleging that Marrero did not reside in Lake County and was therefore ineligible to appear on the primary ballot as a Democratic candidate for Lake County Commissioner.[2] On March 8, 2002, the Board considered Clay's challenge and voted to remove Marrero's name from the ballot. On March 11, 2002, Marrero filed a complaint against the Board, requesting a temporary restraining order and a preliminary injunction to prevent the Board from removing his name from the ballot.

On March 12, 2002, and March 19, 2002, the trial court held hearings on Marrero's complaint. On March 19, 2002, Clay intervened in the action. After the March 19, 2002, hearing, the trial court ordered that Marrero be reinstated on the primary ballot. The trial court's judgment reads as follows:

This matter having come before the Court on Plaintiff's Complaint for Injunctive Relief, arguments heard and evidence presented and the Court having taken the matter under advisement. The Court now finds, based upon a careful consideration of the arguments and evidence, that the actions of the [Board], ordering [Marrero], stricken from the ballot, were unsupported by substantial evidence, were based, in part, on hearsay and innuendo, and consequently were illegal, arbitrary, and capricious.

Plaintiff's Complaint for Injunctive Relief is granted.

**IT IS THEREFORE ORDERED** that [Marrero] be reinstated on the ballot and be allowed to participate in the primary election as a candidate for 1st District Commissioner of Lake County, Indiana.

The Board and Clay now appeal.

**Discussion and Decision**

Appellants contend that the trial court erred in reversing the Board's decision.

The trial court may examine a board's decision to determine if it was incorrect as a matter of law. However, it may neither conduct a trial de novo nor substitute its decision for that of the board. Unless the decision is illegal, the decision must be upheld. On appeal, we are restricted by the same considerations. In essence, an abuse of discretion standard applies.[3]

*Whitesell v. Kosciusko County Bd. of Zoning Appeals*, 558 N.E.2d 889, 890 (Ind.Ct. App.1990) (citations omitted).

In its judgment, the trial court specifically determined that the decision of the Board was "unsupported by substantial evidence, w[as] based, in part, on hearsay and innuendo, and consequently w[as] illegal, arbitrary, and capricious." We cannot agree. Clay introduced substantial evidence[4] at the hearing that Marrero did

---

**2.** *See* IND. CONST. ART 6, § 6 ("All county, township, and town officers, shall reside within their respective counties, townships, and towns; and shall keep their respective offices at such places therein, and perform such duties, as may be directed by law.").

**3.** We note that the Indiana Administrative Orders and Procedures Act ("the AOPA") does not apply to county election boards. *See* Ind.Code § 4–21.5–1–3. We therefore use the standard of review for decisions of other county boards, e.g., zoning boards.

**4.** Citing the AOPA, Marrero contends that the Board's decision was improperly based entirely on hearsay. As mentioned above, however, the Board is not governed by the AOPA. Even under the AOPA, Marrero's argument would fail because he did not object to any evidence introduced at the hearing. *See* Ind. Code § 4-21.5-3-26 ("If not objected to, the hearsay evidence may form the basis for an order."). Furthermore, the trial court determined that the Board's decision "was based *in part* on hearsay and innuendo," (emphasis

not actually live in Lake County. Marrero's mail was regularly delivered to an address in Porter County, and mail sent to his purported Lake County residence came back labeled as undeliverable. In addition, the utilities at the Lake County residence were not in Marrero's name, nor could he produce a lease therefor. In light of this evidence, we cannot conclude that the Board's decision to strike Marrero's name from the primary ballot was an abuse of discretion. We therefore reverse the trial court's judgment and order Marrero's name stricken from the primary ballot.[5]

Reversed.

SULLIVAN, J., and HOFFMAN, S.J., concur.

### ORDER

Appellee Plaintiff Marrero filed a declaration of candidacy for primary nomination for the office of Lake County Commissioner. Appellant Intervenor Clay challenged Marrero's candidacy, alleging that Marrero did not reside in Lake County and should be removed from the primary ballot as a Democratic candidate for Lake County Commissioner. On March 8, 2002, Appellant Defendant Lake County Board of Elections ("the Board") reviewed Clay's challenge and removed Marrero's name from the ballot. Marrero then filed a complaint in the trial court and requested that the trial court issue a preliminary injunction to prevent the Board from removing Marrero's name from the ballot. The trial court heard the matter, and on March 19, 2002, granted Marrero's request and ordered that Marrero's name appear on the ballot.

supplied), not that it was based *entirely* on such evidence.

5. Contemporaneous with our memorandum decision in this cause, we have issued an

This case is fully briefed, and the Court heard oral argument on April 26, 2002.

Having reviewed the matter, the COURT FINDS AND ORDERS AS FOLLOWS:

1) The trial court erred in granting injunctive relief to Marrero. Accordingly, the Court ORDERS the trial court to IMMEDIATELY STAY the order it entered on March 19, 2002.

2) The Clerk of this Court is directed to mail certified copies of this order to all counsel of record and to:

The Honorable Lorenzo Arredondo
Lake Circuit Court
Government Center
2293 North Main Street
Crown Point, Indiana 46307
The Honorable Anna N. Anton
Lake County Clerk
Government Center
2293 North Main Street
Crown Point, Indiana 46307–1896

3) The Honorable Anna N. Anton, Lake County Clerk, is directed to file a copy of this Order under cause number 45C01–0203–MI–27 and cause the same to be spread of record.

ORDERED this ___ day of May, 2002.

---

Chief Judge

BROOK, C.J., SULLIVAN, J., HOFFMAN, Sr. J., concur.

### ORDER

This Court having heretofore handed down its opinion in this case on May 2, 2002, marked Memorandum Decision, Not for Publication;

order immediately staying the trial court's judgment. In addition, Appellants' motion to correct or modify clerk's record is hereby granted.

Comes now the Appellant, by counsel, and files herein Motion to Publish, alleging therein, *inter alia,* that the decision in this Court clarifies a rule of law, informs the bar and bench of the applicable standard of review and resolves the question of the correct standard of review that applies to election board proceedings.

The Court having examined said Motion and being duly advised, now finds that said Motion should be granted.

IT IS THEREFORE ORDERED that the Appellant's Motion to Publish is granted and this Court's opinion heretofore handed down in this case on May 2, 2002, marked Memorandum Decision, Not for Publication, is now ordered published.

All Panel Judges concur.