**Derric PRICE, Appellant–Plaintiff,**

v.

**LAKE COUNTY BOARD OF ELECTIONS AND REGISTRATION, Appellee–Defendant.**

No. 45A03–1103–PL–128.

Court of Appeals of Indiana.

July 29, 2011.

Derric Price, Gary, IN, pro se.

## OPINION

VAIDIK, Judge.

### Case Summary

Lake County Board of Elections and Registration ruled that Derric Price was ineligible to appear on the 2011 primary election ballot as a Democratic candidate for mayor of the City of Gary, Indiana, because he did not meet the one-year residency requirement. Price then filed a complaint in the trial court, and the court affirmed the Election Board. Price, pro se, now appeals. Finding evidence to support the Election Board's decision that Price was not a resident of Gary for one year before the November 2011 general election, we affirm.

### Facts and Procedural History[1]

The primary election for the mayor of Gary was May 3, 2011, and the general election is set for November 8, 2011. On February 16, 2011, Price filed a Declaration of Candidacy for Municipal Primary Nomination to become mayor for the Democratic Party. Price listed his address as "4207 Broadway Gary, Indiana 46409." Appellant's App. p. 11. Price checked the following box, "I have never voted in a primary election, and claim affiliation with the party indicated above." *Id.* That same day, Price also registered for the first time to become a voter in Lake County using the same address.

On February 25, 2011, registered voter and Gary resident Jewel Harris Jr. filed a Candidate Filing Challenge in which he questioned Price's eligibility as candidate for mayor in part because there was "no evidence of anyone living at 4207 Broadway." *Id.* at 4.

The Election Board sent Price notice that a challenge had been filed against him and that a hearing would be held on March 7, 2011, during which the Board "will receive testimony from the challenger and will provide you with an opportunity to be heard, present witnesses and documents." *Id.* at 13.

At the hearing, Harris challenged Price based on Indiana Code section 3-8-1-26, which provides, "A candidate for the office of mayor of a second or third class city must have resided in the city for at least one (1) year before the election." Harris presented evidence that 4207 Broadway is a church, St. Jude Deliverance Center, and encompasses the addresses 4201–4221 Broadway. Harris also presented photographs as well as Secretary of State and property tax records showing that the church is a non-profit religious organization that does not pay taxes. Price presented a lease entered into by him and St. Jude Deliverance Center/Lois Hill for $600 per month. The address listed on the lease is 4207 Broadway with dates of January 1, 2009, to January 1, 2012. Ex. 1. Price acknowledged that some of the church members are his family. Tr. p. 20.

---

1. Price's Statement of Facts contains no citations to the record and therefore violates Indiana Appellate Rule 46(A)(6)(a), which requires the facts to "be supported by page reference to the Record on Appeal or Appendix." We use only the facts that appear in the record on appeal. Price has also failed to include a copy of the CCS in his appendix in violation of Appellate Rule 50(A)(2)(a).

Price submitted no other evidence linking him to that address, such as a driver's license, identification card, utility bills, or any other mail.[2] The Election Board voted to remove Price's name from the primary ballot.

On March 11, 2011, Price, pro se, filed a Complaint for Declaratory Judgment, Preliminary and Permanent Injunction, and Appeal of Administration Decision, Professional Misconduct, Intentional Fraud and Misrepresentation with Lake Circuit Court. A hearing was held on March 16. The trial court issued an order the next day. It provides in pertinent part:

> Upon careful consideration of the evidence and arguments presented, the Court finds that the preponderance of the evidence presented showed that Plaintiff Price was not a resident of the City of Gary, Indiana for and during the required time period. The Court finds that the actions of the Board of Elections were therefore not arbitrary, capricious or contrary to the law.
>
> **Accordingly, the decision of the Lake County Board of Elections in removing Plaintiff Derric Price from the ballot is hereby AFFIRMED. Plaintiff Derric Price's request for injunctive relief is DENIED in all respects.**

Appellant's App. p. 19. Price filed a motion to reconsider, which the trial court denied.

Price appealed to this Court. In April 2011, he filed an emergency motion for stay pending appeal and an emergency motion for expedited briefing, both of which we denied. The result is that the May 2011 primary election has now passed.

**Discussion and Decision**

■ Price contends that the trial court erred in affirming the Election Board's decision that he was ineligible to appear on the primary election ballot as a Democratic candidate for mayor of Gary because he did not meet the one-year residency requirement. We initially note that the Election Board did not file an appellee's brief. When an appellee fails to submit a brief, we will not undertake the burden of developing arguments for the appellee. *Ramsey v. Ramsey*, 863 N.E.2d 1232, 1237 (Ind.Ct.App.2007). In these situations, we apply a less stringent standard of review with respect to showings of reversible error, and we may reverse the trial court's decision if the appellant can establish prima facie error. *Id.* In this context, prima facie error is defined as "at first sight," "on first appearance," or "on the face of it." *Id.*

■ A trial court may examine an election board's decision to determine if it was incorrect as a matter of law. *Clay v. Marrero*, 774 N.E.2d 520, 521 (Ind.Ct.App. 2002). However, it may neither conduct a trial de novo nor substitute its decision for that of the board. *Id.* Unless the decision is illegal, the decision must be upheld. *Id.* On appeal, we are restricted by the same considerations. *Id.* In essence, an abuse of discretion standard applies. *Id.*[3]

---

2. The appendix contains a letter from the Election Board addressed to Price at 4207 Broadway. Appellant's App. p. 12. However, this letter is dated February 28, 2011, and is in direct response to the address that Price wrote on his Declaration of Candidacy. It therefore does not help to establish his residency.

3. We note that the Indiana Administrative Orders and Procedures Act (AOPA) does not apply to county election boards. *See* Ind. Code § 4–21.5–1–3 (" 'Agency' means any officer, board, commission, department division, bureau, or committee of *state* government that is responsible for any stage of a proceeding under this article." (emphasis added)); *Clay*, 774 N.E.2d at 521 n. 3. Ac-

Price argues that the trial court abused its discretion in miscalculating the residency requirement for a mayor. Indiana Code section 3–8–1–26 provides, "A candidate for the office of mayor of a second or third class city must have resided in the city for at least one (1) year before the election." "The election" means a general, municipal, or special election, not a primary election. *See* Ind.Code § 3–8–1–1.7; *In re Parker*, 580 N.E.2d 1006, 1008–11 (Ind.Ct.App.1991). Thus, Price must have lived in Gary for one year before the November 2011 general election, that is, since November 2010.

■ There is evidence to support the Election Board's decision that Price was not a resident of Gary for the requisite time period. First, Price had no voting history in Lake County and registered to vote at 4207 Broadway the same day he filed his Declaration of Candidacy in February 2011. Tr. p. 17. Although Price was not required to be a registered voter before filing his candidacy, this was evidence the Election Board could take into consideration in determining whether he lived in Gary for the requisite time period. Second, despite the fact that Price provided a lease to 4207 Broadway dated January 2009, the building is a church, and it was not paying property taxes because of its status as a non-profit religious organization. Exs. C, D. In addition, the Board took into consideration that Price was related to members of the church, which calls into question the legitimacy of the lease. Finally, Price submitted no other evidence at the hearing which connected him to that address, such as a driver's license, identification card, utility bills, or any other mail. Tr. p. 20, 25. Importantly, Price had the opportunity to present such evidence at the hearing but did not do so. Based on this evidence, we cannot conclude that the Board's decision to remove Price's name from the primary election ballot was an abuse of discretion. We therefore affirm the trial court.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.

cordingly, we use the standard of review for decisions of other county boards, such as zoning boards. *Clay*, 774 N.E.2d at 521 n. 3.